## KANE v. FEDERAL MATCH CORPORATION.

No. 3247.

District Court, M. D. Pennsylvania.

Jan. 9, 1934.

H. F. Bonno, and Fred B. Moser, both of Shamokin, Pa., for plaintiff.

Kelly, Balentine, Fitzgerald & Kelly, of Scranton, Pa., for defendant.

WATSON, District Judge.

Plaintiff's statement sets forth that the plaintiff was employed for a number of years, and until the 11th day of September, 1931, in defendant's match factory in Bellefonte, Pa.; that on said date and for a long time prior thereto she was employed in inspecting and testing matches; that she was required to work in a small room about five feet square, which was provided for the purpose of testing matches; that a pipe or flue was erected by the defendant at the place where plaintiff worked to draw out and expel the poisonous and dangerous air, gases, and fumes, prevalent in the testing room; that said flue became defective in the summer of 1930, failed to function, and was closed by the defendant;

that the defendant informed the plaintiff that there was no danger and that the fumes and gases were harmless; that the defendant failed to supply the devices for carrying off gases and fumes, as required by the Pennsylvania Act of May 2, 1905, P. L. 352, § 11 (43 PS § 5); that, by receiving into her body the fumes and gases, she contracted phosphorous poisoning resulting in necrosis of the jaw bone. That the plaintiff contracted phosphorous poisoning as a result of the negligence of the defendant, in that the defendant failed to provide a safe place for the plaintiff to work; in that the defendant failed to give proper instructions to the plaintiff as to the safe method of performing her work; in that the defendant failed to warn the plaintiff that the gases and fumes given off by the matches were dangerous and detrimental to health; in that the defendant failed to install a device to remove the poisonous fumes and gases from the room in which she was required to work; in that the defendant failed to keep in proper repair the flue or pipe installed for the removal of the poisonous gases and fumes; in that the defendant failed to comply with the provisions of the Pennsylvania Act of May 2, 1905, P. L. 352; in that the defendant failed to test and become fully informed of the dangers of phosphorous poisoning; in that the defendant deceived and misled the plaintiff by assuring her that the phosphorous compounds which she was required to handle were harmless and not injurious.

The defendant has filed an affidavit of defense raising questions of law, in which it is declared that the statement sets forth no good cause of action, and that the statement sets forth no facts which take the plaintiff out of the provisions of the Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, and its supplements and amendments (77 PS § 411 et seq.). The plaintiff filed an answer to the defendant's affidavit of defense raising questions of law, and averred that prior to bringing this suit she filed her claim for compensation under the provisions of the Pennsylvania Workmen's Compensation Act; that her claim was disallowed by the referee; and that she took an appeal to the Pennsylvania Workmen's Compensation Board, which board dismissed the appeal with the following opinion: "The record on appeal having been read and considered, and it appearing to the Board that the disability of the claimant, phosphorous poisoning, has resulted from a long and continuous exposure to poisonous fumes caused by defective equipment and inadequate safeguards; that it is distinctly an occupational disease of gradual development and was neither caused nor aggravated by any accidental injury within the meaning of the Workmen's Compensation Act, the Findings of Fact, Conclusions of Law, and Disallowance, filed by the Referee, are affirmed. The appeal is dismissed."

I know of no authority that exactly defines what injury would amount to an occupational disease, but the Workmen's Compensation Board did find that the disability of the plaintiff was an occupational disease, and was not caused or aggravated by any accidental injury within the meaning of the Workmen's Compensation Act. The plaintiff, in her statement, has averred sufficient facts to establish the existence of an occupational disease caused by defendant's negligence and not embraced within the provisions of the Workmen's Compensation Act. It has been repeatedly held that the Workmen's Compensation Act does not cover occupational diseases. McCauley v. Imperial Woolen Co. et al., 261 Pa. 312, 104 A. 617; Mauchline v. State Insurance Fund, 279 Pa. 524, 124 A. 168; Graszkowski v. White Brothers Smelting Corporation, 18 Pa. Dist. & Co. R. 438.

The defendant contends that if plaintiff's injuries are compensable at all they are compensable under the Pennsylvania Workmen's Compensation Act, and its supplements and amendments. With this contention, I cannot agree. Section 303 of the Pennsylvania Workmen's Compensation Act (77 PS § 481) does not affect the release of an employee's common-law right of action for injuries against his employer, except within the scope of the act. The mere fact that the act deals with one phase of the relationship between employer and employee cannot possibly be construed as meaning that every other obligation existing between employer and employee is rendered a nullity. It cannot be that the Workmen's Compensation Act was designed to take away any right of action as respects a claim, like the one here involved. I therefore am of the opinion that the plaintiff's injury, not arising from an accident, is not limited by the provisions of the Pennsylvania Workmen's Compensation Act. This is no time for courts to place constructions which will deprive employees of their right of action under circumstances such as are alleged to exist in this case.

It remains now to be considered whether the plaintiff's statement sets forth a good cause of action, such as existed at common law. It is well settled that an employee will be deemed to have assumed all the risks

naturally and reasonably incident to his employment, and to have notice of all risks which to a person of his experience and understanding are or ought to be open and obvious. But, without such previous knowledge, either scientific or experimental, the dangers, if any there be, of exposure, to the fumes of phosphorous, would not be open and obvious, and the plaintiff here could not with propriety be deemed to have assumed such risks unknown to her as are naturally and reasonably incident to her employment. It is also well settled: "That an employer is bound to exercise reasonable precaution against injury to his employees while they are in his service, and obeying his orders. Not only must he provide suitable implements and means with which to carry on the business which he sets them to do, but he must warn them of all the dangers to which they will be exposed in the course of their employment, except those which the employee may be deemed to have foreseen, as necessarily incidental to the employment in which he engages, or which may be open and obvious to a person of his experience and understanding, and except, also, such as the employer cannot be deemed to have foreseen; and the employer will be presumed to be familiar with the dangers latent, as well as patent, ordinarily accompanying the business in which he is engaged." Wagner v. Jayne Chemical Co., 147 Pa. 475, 23 A. 772, 773, 30 Am. St. Rep. 745.

In Fritz v. Elk Tanning Co., 258 Pa. 180, 101 A. 958, the following was held: "In an action by an employee against a leather tanning company to recover for injuries to plaintiff's health alleged to have resulted from inhaling poisonous fumes against which he was not protected, the case is for the jury and a verdict for the plaintiff will be sustained where it appeared that plaintiff was required to work about the vats in a bleachery, that one of his duties was to pour sulphuric acid into a vat, that he was compelled to breathe the vapor arising from the vat, that the room was poorly ventilated, especially in winter time, that when plaintiff began such work he was robust and in good health, but after working in such capacity for two years was compelled to withdraw owing to the loss of health; and the evidence was contradictory as to whether the fumes arising from the vats were poisonous and the cause of the injuries of which plaintiff complained." See, also, Graszkowski v. White Brothers Smelting Corporation, supra.

The plaintiff in her statement of claim has sufficiently set forth acts of negligence on the part of the defendant which would support a verdict.

Now, January 9, 1934, the questions of law raised by the affidavit of defense are decided in favor of the plaintiff and against the defendant. Leave is granted to the defendant to file an affidavit of defense upon the merits of the case within fifteen days.