(No. 33536.—

RAYMOND MOUSHON, Appellant, *vs.* NATIONAL GARAGES, INC., Appellee.

*Opinion filed September 25, 1956—Rehearing denied Nov. 19, 1956.*

Bristow and Davis, JJ., dissenting.

Robert G. Day, of Peoria, for appellant.

Shore & Coney, and Richard E. Capitelli, both of Peoria, and Angerstein & Angerstein, and Charles T. Shanner, both of Chicago, for appellee.

Mr. Justice Hershey delivered the opinion of the court:

By his suit in the circuit court of Peoria County, the plaintiff, Raymond Moushon, sought to recover damages

for a personal injury caused by the alleged negligence of his employer, National Garages, Inc. But the court allowed the defendant's motion to dismiss on the ground that section 5(a) of the Workmen's Compensation Act barred the action. (Ill. Rev. Stat. 1951, chap. 48, par. 138.5.) After the plaintiff elected to stand by his complaint, judgment was entered for the defendant. The appeal comes to this court on the theory that a constitutional question is involved.

The issue is two-fold: (1) Does section 5(a) of the Workmen's Compensation Act bar the plaintiff's suit? (2) If so, is the statute as so construed constitutionally valid?

The plaintiff was injured in the course of his employment for the defendant when a safety device on the "man lift" which he was riding failed to operate. He alleges that "his internal organs were greatly crushed and bruised including a ruptured urethra, which injuries have not permanently disabled [him] from engaging in his usual type of work but have rendered him impotent and have caused him great pain and suffering."

The parties agree that the employment was such as to automatically be covered by the Illinois Workmen's Compensation Act and thereby subject the plaintiff-employee and the defendant-employer to its terms. It is also agreed that the injury resulted from an "accident" within the meaning of the statute and arose out of and in the course of the employment. The defendant provided medical, surgical and hospital services reasonably necessary to cure and relieve from the effects of the injury, as required by section 8(a) of the act. (Ill. Rev. Stat. 1951, chap. 48, par. 138.8.) The defendant also paid, and the plaintiff received, compensation for the period of his temporary total disability, in accordance with section 8(b) of the act. The plaintiff's claim before the Industrial Commission, in which relief is asked under section 8(e) for loss of use of both testicles, is still pending.

On these admitted facts, we think that section 5(a)

of the act constitutes a bar to the plaintiff's common-law action. This section provides, in part, as follows: "No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, shall be available to any employee who is covered by the provisions of this Act, * * *."

The plaintiff takes the position that the foregoing is inapplicable where the injury does not fit a category specified by section 8(e). But this ignores the fact that he is still an employee "who is covered by the provisions of this Act," and more, the injury is admittedly compensable under other of its provisions.

Actually, it is difficult to see that any defense could exist to a claim for compensation under section 8(e) as well. Since the amendatory act of 1951, the section is not limited to the loss of both testicles, but covers also their permanent and complete loss of use. Even prior to this amendment, this court held that the act did not require "physical severance of the testicles" but included loss "in the more serious sense that they never again could perform their normal function having to do with sexual intercourse and the propagation of offspring." (*Northwestern Barb Wire Co.* v. *Industrial Com.* 353 Ill. 371.) This is precisely the injury which the plaintiff claims here. And that the Industrial Commission regards such an injury compensable as a loss of use of both testicles in indicated by its award in *Anderson Shumaker Co.* v. *Industrial Com.* No. 33564, in which we denied a writ of error at the March, 1955, term. In that case, as here, the injury consisted primarily of a ruptured urethra. See Gray, Attorney's Textbook of Medicine, vol. 3, sec. 301.07.

Yet even if it be assumed that the injury is not under section 8(e), it does not follow that the plaintiff should prevail. He still is covered by the act and sustained an accidental injury for which he received compensation bene-

fits. Therefore, by its clear import section 5(a) bars his suit.

This is consistent with the legislative purpose of the statute. "The act was designed as a substitute for previous rights of action of employees against employers and to cover the whole ground of the liabilities of the master, and it has been so regarded by all courts. * * * It is therefore clear that the words 'accident' and 'accidental injuries' used in the act, were meant to include every injury suffered in the course of employment for which there was an existing right of action at the time the act was passed; also to extend the liability of the employer to make compensation for injuries for which he was not previously liable and to limit such compensation. The act, in taking away existing rights of action of the employee and extending the liabilities of the employer, fixes limits to the amount to be recovered, and is sustained as a legitimate exercise of the police power for the promotion of the general welfare by covering the entire subject with fixed rules." *Matthiessen & Hegeler Zinc Co.* v. *Industrial Board,* 284 Ill. 378, 382-3.

The general view regarding the particular problem before us here is expressed as follows by a leading writer in this field: "The compensation remedy is exclusive of all other remedies for the same injury, if the injury falls within the coverage formula of the act. If it does not, as in the case where occupational diseases are deemed omitted because not within the concept of accidental injury, the compensation act does not disturb any existing remedy. However, if the injury itself comes within the coverage formula, common-law action is barred even though the particular element of damage is not compensated for, as in the case of disfigurement in some states, impotency, or pain and suffering." (Larson, Workmen's Compensation Law, sec. 65.00.) At section 65.10 of the cited text the author states a reason for the compensation act affording

the exclusive remedy: "This is part of the *quid pro quo* in which the sacrifices and gains of employees and employers are to some extent put in balance, for, while the employer assumes a new liability without fault, he is relieved of the prospect of large damage verdicts."

The plaintiff refers to decisions of other jurisdictions involving noncompensable occupational diseases or injuries for which no compensation was provided by statute. They are not analogous to the instant case. Apart from statutory and factual differences, the employees did not qualify for benefits under the applicable statutes. The courts were not called upon, as is this court, to permit a recovery under the Workmen's Compensation Act and then permit also a suit at common law against the same person, to recover additional damages said to arise out of and be connected with the same accidental injury constituting the basis for the one cause of action. See *Hyett* v. *Northwestern Hospital,* 147 Minn. 413.

Having determined that the statute is applicable, we next consider its constitutionality as against asserted violations of due process (Ill. Const., art. II, sec. 2; U.S. Const., 14th amend.) and other provisions of the Illinois constitution.

By the Workmen's Compensation Act, the legislature required the employer to give up certain defenses and required the employee to give up certain recoverable elements of damage of a common-law negligence action; and this we have held many times is a reasonable exercise of the legislature's police power for the promotion of the general welfare. (See, for example, *Grand Trunk Western Railway Co.* v. *Industrial Com.* 291 Ill. 167; *Matthiessen & Hegeler Zinc Co.* v. *Industrial Board,* 284 Ill. 378.) This court has never considered one to have such a vested right in the common-law rules governing negligence actions as to preclude the legislature from substituting a statutory remedy of this type for the common-law remedy.

For the reasons stated, the judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE BRISTOW, dissenting:

I cannot agree with the conclusion of the majority opinion that plaintiff's injury is compensable under section 8(e) or any other section of the Workmen's Compensation Act, or that section 5(a) of the act constitutes a bar to this proceeding.

Compensation awards are provided under the act for partial incapacity (section 8(d)); permanent total disability (section 8(f)); and for enumerated specific loss or loss use of bodily members (section 8(e)). Partial incapacity and permanent total disability are predicated upon the employee's inability to pursue his usual or suitable employment, and the amount is based essentially upon the difference between his average earnings before and after the accident; whereas for the specfic loss, or loss of use of the enumerated members, the award is fixed in the act.

In the instant case it is apparent that plaintiff's injury does not come within the terms of section 8(f) or 8(d), since he sustained no disability to pursue his usual employment; nor is plaintiff's injury listed in the enumeration of specific loss of members, as the majority opinion suggests. The injury sustained by plaintiff was neither the loss, nor the loss of use of testicles, referred to in section 8(e), but a ruptured urethra, involving a different part of the body with different anatomical consequences. Moreover, there is no allegation or proof that the injury to the urethra necessarily involved the loss or loss of use of testicles. I cannot accept defendant's reasoning, as did the majority opinion, that since impotency may be an incident of the loss of testicles, as in *Northwestern Barb Wire Co.* v. *Industrial Com.* 353 Ill. 371, therefore, where impotency is produced from other causes it must also be

considered as a loss or loss of use of testicles. Consequently, it is my judgment that the omission in section 8(e) of the act of a specific award of compensation for an injury of the nature sustained by plaintiff, or of a blanket provision such as is found in other workmen's compensation statutes, cannot be supplied by resort to medical fiction. Therefore, plaintiff's injury, though allegedly arising out of and in the course of his employment cannot be deemed to be compensable under the act.

The majority opinion asserts further that even if it be assumed that the injury is not under section 8(e), plaintiff's action is barred by section 5(a) of the act. The relevant portion of this section provides: "No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, shall be available to any employee who is covered by the provisions of this Act."

The obvious purport of this provision is to protect employers from being held liable for both compensation and damages for the same injury. However, the phrases "other than the compensation herein provided" and "employee who is covered by the provisions of this Act" indicate that a substitute remedy is envisaged, and that the common-law remedy is abolished only where the substitute remedy of compensation is provided under the terms of the act.

In *Matthiessen & Hegeler Zinc Co.* v. *Industrial Board*, 284 Ill. 378, cited by the majority opinion, the court emphasized that where existing remedies were taken away, fixed amounts of compensation were provided. There is nothing contained therein to the effect that, irrespective of whether the act authorizes compensation, the employee should nevertheless be deprived of any remedy.

There does not appear to be any other determinative precedent in Illinois on the issue of whether section 5(a)

bars a common-law action for a noncompensable injury, as in the instant case.

The decisions of other States, predicated upon the terminology and legislative history of the particular Workmen's Compensation Act, reflect a sharp cleavage of judicial opinion. (100 A.L.R. 519; 121 A.L.R. 1143, *et seq.*) However, the great weight of authority, apparently disregarded by the majority opinion, holds that the workmen's compensation acts do not constitute an exclusive remedy barring an action at common law where the injury is not compensable under the acts. 100 A.L.R. 519; 121 A.L.R. 1143, and cases cited; 71 C.J. 1482-3; *Rosenfield* v. *Matthews*, 201 Minn. 113, 275 N.W. 698; II Larson, Workmen's Compensation, 135.

In the annotation appearing in 121 A.L.R. 1143, it is stated: "In harmony with the great weight of authority as shown in the earlier annotation, it was held in the following later cases under statutes and facts involved, that the workmen's compensation acts did not constitute an exclusive remedy as to bar an action at common law or under a statute to recover for injury or disease which was not compensable under the act."

The rule has been applied not only where the injury suffered was not caused by an accidental injury arising out of and in the course of employment, but also, as in the instant case, where the injury did not result in a disability recognized in either the workmen's compensation or occupational diseases acts of the particular jurisdiction. 71 C.J. 1483; *Shinnick* v. *Clover Farms Co.* 169 App. Div. 236, 154 N.Y.S. 423; *Boyer* v. *Crescent Paper Box Factory*, 143 La. 368, 78 So. 596; *Clark* v. *Banner Grain Co.* 195 Minn. 44, 261 N.W. 596; *Kane* v. *Fed. Match Corp.* 5 F. Supp. 507; *Boal* v. *Elec. Storage Battery Co.* 98 F.2d 815; *Billo* v. *Allegheny Steel Co.* 328 Pa. 97, 195 Atl. 110; *Triff* v. *Nat'l Bronze & Alum. Foundry Co.* 135 Ohio St.

191, 20 N.E.2d 232; *Young* v. *Salt Lake City*, 97 Utah 123, 90 P.2d 174; *Peerless Woolen Mills* v. *Pharr*, 74 Ga. A. 459, 40 S.E.2d 106; *Pershing Quicksilver Co.* v. *Thiers*, 62 Nev. 382, 152 P.2d 432; *Jackson* v. *Pacific Gas & Electric Co.* 95 Cal. A.2d 204, 212 P.2d 591; *McDaniel* v. *Kerr*, 364 Mo. 1, 258 S.W.2d 629; *Kress* v. *City of Newark*, 8 N.J. 562, 86 A.2d 185.

In *Clark* v. *Banner Grain Co.* the court held that an employee could maintain a common-law action for damages against his employer for bronchial asthma caused by the employer's negligence where such injury was not compensable under the act. In *Boal* v. *Elec. Storage Battery Co.* the Federal court, following *Billo* v. *Allegheny Steel Co.,* held that under the Pennsylvania Workmen's Compensation Act an employee could maintain a common-law action for negligence against his employer for cancer caused by exposure to sulphuric acid, since the injury was neither covered by the Workmen's Compensation Act nor the Occupational Diseases Act. Moreover, common-law actions were allowed for dye poisoning (*Pershing Quicksilver Co.* v. *Thiers*); for electric shock (*Jackson* v. *Pacific Gas & Electric Co.*); for sundry lung ailments (*McDaniel* v. *Kerr*, 258 S.W.2d 629 (Mo. 1953); and for X-ray burns (*Kress* v. *City of Newark*, 86 S.2d 185 (N.J. 1951).

In *Triff* v. *Nat'l Bronze and Alum. Co.* 135 Ohio St. 191, the Ohio court reversed its position held in an earlier case, and allowed a common-law action for damages for a noncompensable occupational disease. The court pointed out that it was an obvious injustice to allow compensation to some employees who contracted an occupational disease, and to leave others remediless, without even damages for negligence.

The courts in the foregoing cases, in allowing the injured employee common-law damages, notwithstanding statutory provisions comparable to section 5(a), predicated their conclusions upon the presumed legislative intent.

After finding that the particular disease was not compensable under either the Workmen's Compensation Act or the particular Occupational Diseases Act, the courts reasoned that the legislature did not intend to leave the employee remediless where he was the victim of the employer's negligence, and consequently were loathe to take away the right of recovery available prior to the enactment of the compensation statute.

While there may be a technical distinction between those occupational disease cases where the injury could not be deemed to be within the coverage of the Workmen's Compensation or Occupational Diseases acts and the instant case, where the employee sustained an accidental injury within the coverage of the act but one for which no compensation benefits were provided, that distinction is without substance. In each case the employee has suffered bodily damage through the negligence of the employer, for which no remedy is given under the Workmen's Compensation Act, although a common-law right to damages existed prior to the passage of the act. The same cogent reasons exist for reserving that common-law right in both types of cases, and the rationale of the courts in allowing common-law damages in the occupational disease cases is equally applicable herein, where the employee is also deprived of a remedy for his injury.

This conclusion has also been advanced by text writers. In II Larson, Workmen's Compensation, p. 136, it is said: "If this is the justification for the exclusive remedy rule, it ought logically to follow that the employers should be spared common-law liability only when compensation liability has actually been provided in its place, or, to state the matter from the employee's point of view, common-law rights of action should not be deemed taken away except when something of value has been put in their place." Moreover, contrary to the implication in the majority opinion this authority does not assert that the injured em-

ployee be remediless, but rather that recovery for such nondisabling injuries should be predicated upon common-law negligence, as in the instant case. II Larson, Workmen's Compensation, p. 140.

In further support of its conclusion that plaintiff's action is barred, the majority opinon cites *Hyett* v. *Northwestern Hospital,* 147 Minn. 413, 180 N.E. 552. However, in that case, in contrast to the case at bar, the employee after receiving a compensation award for his accident injury brought a common-law claim for additional damages for impotency, and the court held that he could not secure and retain both compensation and damages. In the instant case the employee received some medical payment and some temporary disability payments, but no award of compensation for the serious permanent injury he sustained; nor could any such compensation award be entered under the terms of the act without resort to medical fiction.

I am in agreement with the principle enunciated in the *Hyett case* that an employee should not be entitled to secure both damages and compensation from his employer; it is my opinion, however, that where the injury sustained is not compensable under the act, either because it is not an accidental injury arising out of and in the course of employment, or because no compensation benefits are provided in the act for the particular injury, so that no remedy is afforded the employee under the act for an injury caused by the employer's negligence, then a common-law action for damages should be allowed. On the other hand, where benefits are provided under the act for the permanent injury sustained, then, even though there are elements of damages such as pain and suffering for which no compensation is provided, no common-law negligence action should be maintained.

Admittedly all the cases in the various jurisdictions cannot be reconciled or integrated into a smooth fabric of law. There is cogency in the reasoning of those courts

denying common-law damages on the ground that they tend to nullify the objectives of the Workmen's Compensations Act by subjecting employers to liability for both damages and compensation; nevertheless, the result ordered by the majority opinion is a harsh and unjust one, denying plaintiff both compensation for his permanent injury and common-law damages, contrary to the terminology of section 5(a) of the act, as well as judicial authority and the public policies underlying such compensation legislation.

As aptly stated by the Ohio court in the *Triff case:* "Since the underlying purpose of compensation is to make industry bear the burden of human wreckage by paying stated awards for injury and loss of life in the course of employment, the court should avoid a strained construction which would leave many employees, who are blameless victims of their employer's torts, without either damages or compensation and absolutely remediless."

Furthermore, I cannot agree with the statement in the majority opinion that section 5(a) would be constitutional if construed to bar plaintiff's action. The Workmen's Compensation Act was originally sustained as a reasonable exercise of the police power on the assumption that it effected a compromise whereby employers, in return for liability in limited sums relinquished their common-law defenses, and employees gave up their right to damages in return for more certain recovery. (*Grand Trunk Western Railway Co.* v. *Industrial Com.* 291 Ill. 167.) However, if the act is held to bar the employee's common-law action, and at the same time provides no substitute remedy other than, in this instance, temporary disability benefits, but no award for permanent injury, then the act becomes an unreasonable exercise of the police power, effecting an arbitrary classification among employees, in violation of the due-process guarantees of the State and Federal constitutions. *Grasse* v. *Dealer's Transport Co.* 412 Ill. 179.

It is my opinion that no such construction of section

5(a) is warranted from its own terms, and should not be adopted, particularly in view of the established canon of statutory construction that an interpretation which will render an act valid should be preferred to one which will render it unconstitutional.

On the basis of this analysis, the nondisabling injury sustained by plaintiff as set forth in the pleadings was not covered by the schedule of awards of compensation under the act, except through medical fiction; that recovery for such injury in a common-law action for damages was not barred by section 5(a) of the act, which, properly construed, bars only actions for injuries which are compensable under the act; and that if the section were construed otherwise, it would offend constitutional doctrines. Consequently, I am constrained to dissent from the majority opinion and hold that the circuit court of Peoria County erred in dismissing plaintiff's cause and in entering judgment for defendant.

Mr. JUSTICE DAVIS concurs in the foregoing dissenting opinion.