(No. 42061.—

CLARENCE H. DULEY, Admr., Appellant, *vs.* CATERPILLAR TRACTOR CO., Appellee.

*Opinion filed November 26, 1969.*

Elmo E. Koos, of Peoria, for appellant.

David A. Nicoll and Ross E. Canterbury, both of Peoria, (Westervelt, Johnson, Nicoll & Keller, of counsel,) for appellee.

Mr. Justice Kluczynski delivered the opinion of the court:

Stella Duley was fatally injured in the course of her employment when she was struck by a fork-lift truck at defendant's plant in August, 1963. Clarence Duley, husband and sole surviving beneficiary of deceased, filed a claim for her death before the Industrial Commission wherein it was stipulated that both she and defendant were operating under the Workmen's Compensation Act. (Ill. Rev. Stat. 1963, ch. 48, pars. 138.1 *et seq.*) A $500 burial expense was paid to plaintiff by defendant pursuant to section 7(f) of the Act. (Ill. Rev. Stat. 1963, ch. 48, par. 138.7(f).) No further compensation was paid because the arbitrator found that deceased left no persons entitled to compensation as provided in section 7.

Thereafter plaintiff, as administrator of his wife's estate,

brought a wrongful death action to recover damages for the death of his wife. Defendant's motion to dismiss the complaint on the grounds that decedent and defendant were operating under the Workmen's Compensation Act and the rights and remedies of plaintiff were exclusively provided therein was allowed and the suit was dismissed.

Plaintiff has two contentions: (1) that section 5(a) of the Workmen's Compensation Act (Ill. Rev. Stat. 1963, ch. 48, par. 138.5(a)) does not bar plaintiff's action for wrongful death, and (2) if section 5(a) does bar his action then sections 5(a) and 7 are unconstitutional. U.S. Const., 14th amend.; Ill. Const., art. II, sec. 2.

Under the circumstances of this case section 5(a) of the Act constitutes a bar to plaintiff's wrongful death action. This section provides: "No common law or statutory right to recover damages from the employer or his employees for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, shall be available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury." In addition, section 11 sets out the extent of liability of the employer. "The compensation herein provided * * * shall be the measure of the responsibility of any employer engaged in any of the enterprises or businesses enumerated in * * * this Act, * * *." Ill. Rev. Stat. 1963, ch. 48, par. 138.11.

Plaintiff argues that the foregoing is inapplicable because the Act does not provide compensation for the husband of a deceased employee where the husband is not totally dependent on deceased. This argument ignores both the fact that plaintiff's wife is still an employee who is covered by the provisions of the Act and the fact that some compensation was paid to the plaintiff under the Act as a result of the death.

18

The section 5(a) prohibition of additional actions is consistent with the legislative purpose of the statute. "The act was designed as a substitute for previous rights of action of employees against employers and to cover the whole ground of the liabilities of the master, and it has been so regarded by all courts. \* \* \* The act, in taking away existing rights of action of the employee and extending the liabilities of the employer, fixes limits to the amount to be recovered, and is sustained as a legitimate exercise of the police power for the promotion of the general welfare by covering the entire subject with fixed rules." (*Matthiessen & Hegeler Zinc Co.* v. *Industrial Bd.*, 284 Ill. 378, 382—3.) Also, this determination is consistent with *Moushon* v. *National Garages, Inc.*, 9 Ill.2d 407, wherein the court held that section 5(a) barred a common-law action for damages arising out of employment, even though no compensation for permanent injury was provided for in the Act.

Plaintiff cites *Miller* v. *Hotel Savoy Co.*, 228 Mo. App. 463, 68 S.W.2d 929 which interprets the Missouri Workmen's Compensation Act. The court found that because no remedy was provided in the Act, the plaintiffs therein were not precluded from bringing an action outside of the Act. However, the "exclusive liability" clause of the Missouri Act includes an exception reading as follows: "The rights and remedies herein granted to an employee, shall exclude all other rights and remedies of such employee, his wife, her husband, parents, heirs or next kin, at common law or otherwise on account of such accidental injury or death *except such rights and remedies as are not provided for by this chapter.*" (Emphasis added.) (Mo. W.C.L. par. 3301.) The Illinois Workmen's Compensation Act contains no such exception in its "exclusive liability" clause. (Section 5(a).) Other cases cited by plaintiff involve different facts and statutes and are not analogous to the instant case.

Having determined that section 5(a) bars the wrongful

death action, we next consider whether sections 5 and 7 violate either the constitution of the United States or the Illinois constitution. In *Moushon* v. *National Garages, Inc.* this court considered the constitutionality of section 5(a) where no remedy for permanent injury was provided in the Act. "By the Workmen's Compensation Act, the legislature required the employer to give up certain defenses and required the employee to give up certain recoverable elements of damage of a common-law negligence action; and this we have held many times is a reasonable exercise of the legislature's police power for the promotion of the general welfare. [Citations.] This court has never considered one to have such a vested right in the common-law rules governing negligence actions as to preclude the legislature from substituting a statutory remedy of this type for the common-law remedy." (9 Ill.2d at 412.) We find this case determinative of the constitutional question concerning section 5(a).

Section 7 of the Act provides compensation for all widows whose husbands were killed while covered by the Act. However, a widower can recover for the death of his wife under similar circumstances only if he was totally dependent upon her for support. It is plaintiff's contention that such classification unreasonably discriminates according to one's sex. "A classification will suffice as a basis for legislation if such classification is based on a rational difference of situation or condition found to exist in the persons or objects upon which the classification rests." (*Gaca* v. *City of Chicago*, 411 Ill. 146, 149.) *Gruenwald* v. *Gardner* (2d cir. 1968), 390 F.2d 591, upheld classifications based upon the disparate earning power of men and women and found that the classification was consistent with 14th amendment requirements. "The Equal Protection Clause does not ordinarily prevent a state from making a classification dependent upon one's sex." (*Miskunas* v. *Union Carbide Corp.* (7th cir.) 399 F.2d 847.) It is not unreasonable to compensate according to one's sex, and we find it conforms most

realistically to the economic situation present in our society today.

Finally, plaintiff argues that he has not waived his right to sue for wrongful death by proceeding under the Workmen's Compensation Act. Consideration of this point is unnecessary because we have held that sections 5(a) and 7 are constitutional and bar the wrongful death action.

For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*