John Arthur Bloemer, Plaintiff—(Pamela Lynn Bloemer, Plaintiff-Appellant), *v.* Square D Company *et al.,* Defendants—(Effingham Equity Co-op, Defendant-Appellee.)

(No. 57179;

First District—November 1, 1972.

Robert F. Lisco and Barry L. Kroll, both of Chicago, (Lisco & Field, and Philip L. Howard, of counsel,) for appellant.

J. William Cuncannan and Kenneth A. von Kluck, both of Chicago, and Maurice A. Rickelman, of Effingham, (Heineke, Schrader & Cuncannan, of counsel,) for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Pamela Bloemer, wife of an injured employee of defendant Effingham Equity Co-op, brought an action for damages sustained by her for loss

of consortium, but excluding loss of support, allegedly caused by defendant's negligence. Plaintiff brought the action against Effingham Equity Co-op in Counts VII and VIII of the amended complaint. Plaintiff appeals from the trial court's granting of defendant's motion to dismiss said Counts VII and VIII. On appeal the plaintiff contends that the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1969, ch. 48, sec. 138.5(a)), does not bar the spouse of an injured employee from bringing the spouse's own action against the negligent employer for her loss of consortium excluding her loss of support, and she contends that to deprive her of such action violates her rights as granted by the constitutions of the United States and the State of Illinois. The question presented is one of first impression in this State.

Said section 138.5(a) of the Workmen's Compensation Act provides in pertinent part:

> "No common law or statutory right to recover damages from the employer * * * for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury." Ill. Rev. Stat. 1969, ch. 48, par. 138.5(a).

The Illinois Workmen's Compensation Act further provides:

> "The compensation herein provided * * * shall be the measure of the responsibility of any employer engaged in any of the enterprises or businesses enumerated in * * * this Act." Ill. Rev. Stat. 1969, ch. 48, par. 138.11.

■■ Section 138.5(a), in taking away existing rights of action of the employee and extending liabilities of the employer, fixes limits to the amount to be recovered and covers the whole ground of the liabilities of the employer. *Duley v. Caterpillar Tractor Co.*, 44 Ill. 15, 18, 253 N.E.2d 373.

The injury for which plaintiff seeks recovery resulted from an accidental injury sustained by her husband arising out of and in the course of his employment. Plaintiff is seeking recovery against the employer for her damage which is dependent upon the employee's compensable injury for which the employer has been paying the compensation provided by law.

Other courts which have considered similar questions under statutes having limitations similar to ours have decided that the wife of such injured employee is barred by the limitations of the Workmen's Compensation Act from maintaining an independent action against the employer

arising out of or by reason of the injury to the employee. *England v. Dana Corp.*, 482 F.2d 385; *Lunow v. Fairchance Lumber Co.*, 389 F.2d 212; *Smither & Co. v. Coles*, 242 F.2d 220; *Josewski v. Midland Contractors, Inc.*, 117 F.Supp. 681; *Rosenerans v. Wisconsin Telephone Co.*, 54 W.2d 124, 194 N.E.2d 643; *Nicholas v. Benco Plastics, Inc.*, (Tenn.), 469 S.W.2d 135; *Hartman v. Cold Spring Granite Co.*, 247 Minn. 515, 77 N.W.2d 651; *Napier v. Martin*, 194 Tenn. 105, 250 S.W.2d 35; *Roseberry v. Phillips Petroleum Co.*, 70 N.M. 19, 369 P.2d 403.

■■ The Illinois Workmen's Compensation Act was intended to provide a complete scheme for recovery from an employer for industrial injuries only and therefore, the trial court was correct in sustaining defendant's motion to dismiss.

■■ Plaintiff also contends that said section 138.5(a) unconstitutionally deprived her of her property without due process of law.

> "By the Workmen's Compensation Act, the legislature required the employer to give up certain defenses and required the employee to give up certain recoverable elements of damage of a common-law negligence action; and this we have held many times is a reasonable exercise of the legislature's police power for the promotion of the general welfare. [Citations.] This court has never considered one to have such a vested right in the common-law rules governing negligence actions as to preclude the legislature from substituting a statutory remedy of this type for the common-law remedy." *Moushon v. National Garages, Inc.* 9 Ill.2d 407, 412, 137 N.E.2d 842; *Duley v. Caterpillar Tractor Co.*, 44 Ill.2d 15, 19, 253 N.E.2d 364.

We find that the reasoning of the court in the *Moushon* case as to the constitutionality of Section 138.5(a) is determinative of the constitutional issue raised by the plaintiff.

For the reasons stated, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.