JUSTICE LORENZ
 

 delivered the opinion of the court:
 

 In their interlocutory appeal from the trial court’s order dismissing their amended complaint for damages, plaintiffs present the following issues: (1) whether section 5(a) of the Workers’ Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(a)), which operates to bar loss of consortium and society claims of a spouse or child arising from a work-related injury violates the due process and equal protection clauses of the constitution of the United States and State of Illinois and is therefore unconstitutional; and (2) whether a common law right of action for loss of society, training, guidance and companionship of a parent exists for a minor child against a third person who has negligently injured that parent.
 

 The following facts are pertinent to the disposition of this appeal.
 

 Plaintiff Melvin Block was injured on or about February 26, 1979, in the course of his employment as a truck driver with defendant Pielet Brothers Scrap and Metal, Inc. (Pielet). He and a co-worker were engaged in the removal of a load of junk cars when the cars tipped and fell upon him from a forklift truck being operated by the co-worker. Following the accident, plaintiff filed a claim for workers’ compensation against Pielet.
 

 Plaintiff instituted the instant action on May 27, 1980, against the John Doe Corporation, alleging that it was engaged in the business of manufacturing, assembling, distributing, selling and otherwise placing into the stream of commerce an unreasonably dangerous forklift truck which had proximately caused plaintiff’s injuries. Later he amended his complaint adding the manufacturer and its related companies Caterpillar Tractor Company (Caterpillar), as additional defendants. Subsequently, by agreed order entered on February 13, 1981, Caterpillar continued as a defendant, while the other Caterpillar-related corporations were dismissed, without prejudice.
 

 He filed a second amended complaint on February 23, 1981, naming Nagle-Hart, Inc. (Nagle-Hart), the distributor of the forklift truck as an additional defendant. Count III was added by plaintiff’s spouse, Marsha, individually, and as mother and next friend of Diane, William, Ralph, Carol and Daniel Block (the children) and sought a cause of action for loss of consortium and for the loss of plaintiff’s society on the children’s behalf against defendants Caterpillar and Nagle-Hart. This count remained pending against the manufacturer (Caterpillar) and the distributor (Nagle-Hart). In count IV they sought the same relief against employer Pielet.
 

 Pielet’s motion to dismiss count IV of the second amended complaint on the grounds that (1) the loss of consortium claim of Marsha Block and the loss of society and companionship claim of the children against Pielet were barred by the exclusive remedy provision of section 5(a) of the Workers’ Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(a)) and (2) that a child’s loss of parental society and companionship is not a recognized cause of action in Illinois was granted September 2,1982.
 

 Plaintiffs appeal from the entry of this order.
 

 Opinion
 

 Section 5(a) of the Workers’ Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(a)) provides in pertinent part as follows:
 

 “No common law or statutory right to recover damages from the employer *** for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury." (Emphasis added.)
 

 In the present case, plaintiffs contend that the provisions of section 5(a) are unconstitutional as they act to extinguish the common law and statutory rights of third parties who otherwise might be entitled to recover damages against an employer for an employee’s injuries.
 

 Conversely, Pielet contends that section 5(a) is a constitutional “exclusive remedy” of the Workers’ Compensation Act, which acts to extinguish the common law and statutory rights of any person entitled to recover damages from an employer for injuries received by an employee in a work-related “accident.”
 

 Initially, we consider plaintiff’s argument that section 5(a) is unconstitutional as applied to spouses and dependent children of an injured employee. In Bloemer v. Square D Co. (1972), 8 Ill. App. 3d 371, 290 N.E.2d 699, a case similar to the present case, the wife of an injured employee brought an action for damages sustained by her for loss of consortium, allegedly caused by the defendant-employer’s negligence. The employer had previously paid benefits to the injured employee as provided by the Workmen’s Compensation Act.
 

 The trial court’s denial of the wife’s consortium claim was affirmed by the appellate court which held that section 5(a) of the Act was a bar to recovery by a wife when as here the injury to the husband giving rise to the loss of consortium was compensable under the Act. 8 Ill. App. 3d 371, 373.
 

 In arriving at the decision, the Bloemer court followed the prior holdings of Duley v. Caterpillar Tractor Co. (1969), 44 Ill. 2d 15, 253 N.E.2d 373, and Moushon v. National Garages, Inc. (1956), 9 Ill. 2d 407,137 N.E.2d 842.
 

 In Duley v. Caterpillar Tractor Co. (1969), 44 Ill. 2d 15, 253 N.E.2d 373, a woman was fatally injured in the course of her employment upon being struck by a forklift truck. Her husband, in his capacity as administrator of his wife’s estate, brought a wrongful death action against the defendant employer.
 

 Our supreme court affirmed the trial court’s denial of this action. The plaintiff, as his wife’s sole surviving beneficiary, had previously proceeded against the defendant before the Industrial Commission, resulting in a $500 burial expense compensation award. The supreme court held that the plaintiff was barred by section 5(a) from any further relief under the Act.
 

 The court further held that the prohibition of additional actions is consistent with the legislative purpose of the statute in that “ ‘[t]he act was designed as a substitute for previous rights of action of employees against employers and to cover the whole ground of the liabilities of the master ***.’ ” 44 Ill. 2d 15,18, 253 N.E.2d 373.
 

 Furthermore, the court concluded that while the Act fixes limits upon the amounts to be recovered, it is sustained as a legitimate exercise of the legislature’s police power for the general welfare in that it takes away existing rights of action of the employee while extending the liabilities of the employer. 44 Ill. 2d 15, 18, 253 N.E.2d 373. See also Matthiessen & Hegeler Zinc Co. v. Industrial Board (1918), 284 Ill. 378, 382-83, 120 N.E. 249.
 

 In considering the question of whether section 5(a) violated either the Constitution of the United States or the Illinois Constitution, the Duley court cited Moushon v. National Garages, Inc. (1956), 9 Ill. 2d 407, 137 N.E.2d 842, as previously determining this issue when it considered the constitutionality of section 5(a) where no remedy for permanent injury was provided in the Act. “By the Workmen’s Compensation Act, the legislature required the employer to give up certain defenses and required the employee to give up certain recoverable elements of damage of a common-law negligence action; and this we have held many times is a reasonable exercise of the legislature’s police power for the promotion of the general welfare. [Citations.] This court has never considered one to have such a vested right in the common-law rules governing negligence actions as to preclude the legislature from substituting a statutory remedy of this type for the common-law remedy.” 9 Ill. 2d 407, 412,137 N.E.2d 842.
 

 We find that the reasoning of the court in Moushon and Duley, determining the constitutionality of section 5(a) to be dispositive of the constitutional issues raised by the plaintiff.
 

 Next, plaintiffs urge this court to once again consider the question as to whether a child has the right to bring suit for the loss of companionship and safety of his/her parent.
 

 This same issue was considered and disposed of by this court in Koskela v. Martin (1980), 91 Ill. App. 3d 568, 414 N.E.2d 1148, wherein the appellate court affirmed the holding of the lower court which dismissed an autistic child’s action for the loss of consortium, companionship and society of her injured father.
 

 Following Koskela, Illinois courts have continued to refuse to recognize such a cause of action for children. Mueller v. Hellrung Construction Co. (1982), 107 Ill. App. .3d 337, 437 N.E.2d 789; McNeil v. Diffenbaugh (1982), 105 Ill. App. 3d 350, 434 N.E.2d 377.
 

 In the present case, plaintiffs strongly urge this court to expand Hlinois law in the area of family relationships by the recognition of this cause of action. To do so, however, would be in direct opposition to the Koskela court which stated, “the determination of whether a child should be granted this cause of action is one of legislatively determined public policy.” (Koskela v. Martin (1980), 91 Ill. App. 3d 568, 571, 414 N.E.2d 1148.) Accordingly, we agree with the Koskela court that such an expansion in the law of family relationships should be made by the legislature which could better weigh the merits of the proposed change against other considerations — such as double damages recovery, increased litigation, remoteness of damages as well as possible adverse effect on the family of separate or segregated awards to children.
 

 For the foregoing reasons, this court refuses to recognize the common law cause of action for loss of services, companionship, society and affection of a parent by a minor child, against a third person, who had negligently injured that parent.
 

 Accordingly, the judgment of the circuit court is affirmed.
 

 Affirmed.
 

 WILSON, P.J., and SULLIVAN, J., concur.