DENNIS J. DOBRYDNIA *et al.*, Plaintiffs-Appellants, v. INDIANA GROUP, INC., *et al.*, Defendants-Appellees.

Third District No. 3—90—0445

Opinion filed March 12, 1991.

Louis E. Olivero & Associates, of Peru (Louis E. Olivero, of counsel), for appellants.

Westervelt, Johnson, Nicoll & Keller, of Peoria (Daniel L. Johns, of counsel), for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

The plaintiffs, Dennis J. Dobrydnia and Linda M. Dobrydnia, appeal a determination by the trial court granting defendants' motion to dismiss plaintiff Linda M. Dobrydnia's loss of consortium claim be-

cause her recovery is barred by section 5(a) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(a)). We affirm.

Since this appeal was taken at the pleading stage of this case, the facts and circumstances surrounding plaintiff Dennis J. Dobrydnia's accident are allegations of plaintiffs' complaint rather than demonstrated evidentiary facts. Plaintiff Dennis J. Dobrydnia was injured during the course of his employment at Princeton Elementary School District 115. Plaintiff Dennis M. Dobrydnia brought an action to recover damages occasioned by the alleged negligence of defendants in their failure to adequately inspect a certain boiler, its appurtenances and accompanying equipment. Indiana Insurance Company (hereinafter defendant) is the insurer for the school district. Plaintiffs' complaint requested damages for personal injuries, and count V, the subject of this appeal, sought damages for loss of consortium.

Defendant filed a section 2—619 motion to dismiss (Ill. Rev. Stat. 1989, ch. 110, par. 2—619) stating, *inter alia*, that the loss of consortium claim of Linda M. Dobrydnia (hereinafter plaintiff) was prohibited by section 5(a) of the Workers' Compensation Act. The trial court held section 5(a) barred the plaintiff's cause of action for loss of consortium.

Section 5(a) of the Workers' Compensation Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(a)) states the following:

"No common law or statutory right to recover damages from the employer, his insurer *** for injury *** sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury."

Plaintiff argues the trial court's dismissal of her loss of consortium claim was improper. She contends her cause of action is not an injured worker's claim for bodily injuries but an entirely separate assertion based on loss of consortium of her husband. Plaintiff states that an existing common law right, such as loss of consortium, is not eradicated by statute unless it is explicitly enacted by the legislature. Plaintiff posits that under the Workers' Compensation Act, there is no direct enactment barring a spouse's right for loss of consortium. Plaintiff further contends the legislature did not intend to bar a spouse's loss of consortium claim.

Plaintiff's position, however, is not supported by statute or case law. The statute clearly reads that the immunity afforded by sec-

tion 5(a) prohibits suits, not only by the injured employee but also by "any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury." (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(a).) It is obviously the intent of this section to bar any and all claims that arise out of the injury to the employee. While the spouse's loss of consortium claim may be an independent claim for damages, it arises out of the employee's injury.

It is plaintiff's position that she is not a person "wholly or partially dependent" upon her spouse. Plaintiff states the essence of the Workers' Compensation Act is a *"quid pro quo"* in which immunity from tort is granted to an employer in exchange for a no-fault proof on the part of the employee to obtain recovery. Plaintiff contends the spouse of the injured employee receives no *"quid pro quo"* for loss of her independent common law right to recover for loss of consortium.

Plaintiff's argument sounds plausible in theory, but not in its application. A spouse, whether or not dependent, receives benefits directly or indirectly under the Act. For example, if an employee is killed during the course of his employment, a surviving spouse would be entitled to survivor's benefits under section 7 (Ill. Rev. Stat. 1989, ch. 48, par. 138.7) of the Act. If the injury does not result in death, the employee receives the compensation and the spouse indirectly receives a benefit by the employer's reimbursement of the family expenses and employee's injuries. Likewise, the spouse may well receive a direct benefit by reason of having medical bills paid which might otherwise be his or her responsibility.

■ Finally and foremost, section 5(a) of the Workers' Compensation Act, as construed by the Illinois Supreme Court, prohibits recovery for a loss of consortium claim against an employer. This very issue was decided in the case of *Fregeau v. Gillespie* (1983), 96 Ill. 2d 479, 451 N.E.2d 870, wherein the plaintiff-wife sought damages for loss of consortium under the Act. The court denied plaintiff's claim. In construing the language of section 5(a) to prohibit loss of consortium claims, the court commented as follows:

> "Too, we observe that the exclusivity provision in section 5(a) operates not only to prohibit an action by the employee, but also by 'any one wholly or partially dependent upon him *** or any one otherwise entitled to recover damages for such injury.' (Ill. Rev. Stat. 1979, ch. 48, par. 138.5.) With near unanimity courts interpreting exclusivity provisions with this or comparable language have held that the provisions preclude actions by a spouse of the employee for loss of consortium. 2A A. Larson,

Workmen's Compensation sec. 66.20 (1982)." 96 Ill. 2d at 486, 451 N.E.2d at 873.

The issue of the applicability of section 5(a) to a loss of consortium claim against an employer had been previously decided in *Bloemer v. Square D Co.* (1972), 8 Ill. App. 3d 371, 290 N.E.2d 699. In ruling that section 5(a) barred loss of consortium claims, the court stated:

"The Illinois Workmen's Compensation Act was intended to provide a complete scheme for recovery from an employer for industrial injuries *only* and therefore, the trial court was correct in sustaining the defendant's motion to dismiss." (Emphasis added.) (8 Ill. App. 3d at 373, 290 N.E.2d at 700.)

The appellate court accordingly affirmed the trial court's dismissal of the loss of consortium claim.

In the present case, plaintiff contends the provisions of section 5(a) are unconstitutional as they act to extinguish the common law and statutory rights of third parties who otherwise might be entitled to recover damages against an employer for an employee's injuries. Plaintiff states that to bar her consortium claim under section 5(a) would violate her rights under the due process and equal protection clauses of both the State and Federal constitutions.

These constitutional arguments were discussed at great length in *Block v. Pielet Brothers Scrap & Metal, Inc.* (1983), 119 Ill. App. 3d 983, 457 N.E.2d 509, wherein the court explained the case law history which clearly supports the constitutionality of section 5(a).

"In *Duley v. Caterpillar Tractor Co.* (1969), 44 Ill. 2d 15, 253 N.E.2d 373, a woman was fatally injured in the course of her employment upon being struck by a forklift truck. Her husband, in his capacity as administrator of his wife's estate, brought a wrongful death action against the defendant employer.

Our supreme court affirmed the trial court's denial of this action. The plaintiff, as his wife's sole surviving beneficiary, had previously proceeded against the defendant before the Industrial Commission, resulting in a $500 burial expense compensation award. The supreme court held that the plaintiff was barred by section 5(a) from any further relief under the Act.

The court further held that the prohibition of additional actions is consistent with the legislative purpose of the statute in that ' "[t]he act was designed as a substitute for previous rights of action of employees against employers and to cover the whole ground of the liabilities of the master ***." ' 44 Ill. 2d 15, 18, 253 N.E.2d 373.

Furthermore, the court concluded that while the Act fixes limits upon the amounts to be recovered, it is sustained as a legitimate exercise of the legislature's police power for the general welfare in that it takes away existing rights of action of the employee while extending the liabilities of the employer. 44 Ill. 2d 15, 18, 253 N.E.2d 373. See also *Matthiessen & Hegeler Zinc Co. v. Industrial Board* (1918), 284 Ill. 378, 382-83, 120 N.E.249." (119 Ill. App. 3d at 985-86.)

The *Block* court then examined the constitutionality of section 5(a):

"In considering the question of whether section 5(a) violated either the Constitution of the United States or the Illinois Constitution, the *Duley* court cited *Moushon v. National Garages, Inc.* (1956), 9 Ill. 2d 407, 137 N.E.2d 842, as previously determining this issue when it considered the constitutionality of section 5(a) where no remedy for permanent injury was provided in the Act. 'By the Workmen's Compensation Act, the legislature required the employer to give up certain defenses and required the employee to give up certain recoverable elements of damage of a common-law negligence action; and this we have held many times is a reasonable exercise of the legislature's police power for the promotion of the general welfare. [Citations.] This court has never considered one to have such a vested right in the common-law rules governing negligence actions as to preclude the legislature from substituting a statutory remedy of this type for the common-law remedy.' (9 Ill. 2d 407, 412, 137 N.E.2d 842.)" (119 Ill. App. 3d at 986.)

The *Block* court held that section 5(a) of the workers' compensation statute, which bars a spouse's loss of consortium claim, is not violative of due process or equal protection of the laws.

■ We find the aforementioned reasoning determining the constitutionality of section 5(a) to be dispositive of the constitutional issues raised by the plaintiff. The substitution of the workers' compensation scheme for preexisting common-law remedies for injuries directly or indirectly resulting from injury to an employee do not violate due process or equal protection safeguards. The workers' compensation statute involves not an eradication, but a substitution of remedies that is considered by the legislature to be in the public interest. We agree.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

STOUDER, P.J., and SLATER, J., concur.