#### Cynthia L. VICKERY, Plaintiff–Appellant,

#### v.

#### WESTINGHOUSE–HAZTECH, INCORPORATED and Process Operators International, Defendants–Appellees.

#### No. 91–1883.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 17, 1991.

Decided Feb. 6, 1992.

Louis L. Bertrand, James A. McPhedran (argued), Raccuglia & Associates, Peru, Ill., for plaintiff-appellant.

David K. Greene, Roseann Oliver (argued), Pope & John, Chicago, Ill., for defendant-appellee Westinghouse–Haztech, Inc.

John E. Norton, O'Reilly, Cunningham, Norton & Mancini, Francis P. Kasbohm, Joseph P. Bonaccorsi, Scott D. Hammer, Fraterrigo, Best & Beranek, Chicago, Ill., for defendant-appellee Process Operators Intern.

Before POSNER, FLAUM and RIPPLE, Circuit Judges.

POSNER, Circuit Judge.

■ This is a personal injury suit, brought in federal court under the diversity jurisdiction, seeking damages under Illinois law for loss of consortium—the plaintiff's husband having suffered a liver im-

pairment as a result of exposure to hazardous chemicals at the waste processing plant where he worked. The suit was against his (successive) employers at the plant. The district judge held it barred by Illinois' Occupational Disease Act, which provides that "There is no common law or statutory right to recover compensation or damages from the employer ... for or on account of any injury to health, disease or death therefrom, other than for the compensation herein provided." Ill.Rev.Stat. ch. 48, ¶ 172.40. This emphatic language of exclusivity might seem to dish the plaintiff's claim, but she has two arguments that it does not. The first is that a suit for loss of consortium is "direct" rather than "derivative." This point is correct in the sense that a wife possesses a right of consortium in her own right; it is not a right of her husband which she obtains derivatively, as by inheritance. But the point has nothing to do with whether a claim based on the wife's right survives the Occupational Disease Act. The plaintiff relies on *Page v. Hibbard*, 119 Ill.2d 41, 115 Ill.Dec. 544, 518 N.E.2d 69 (1987), which held that a suit for loss of consortium is direct, but did so in circumstances remote from this case. The employer had paid workers' compensation to an injured employee, and sought reimbursement for that expense from the proceeds of the settlement of the tort suit that the employee had brought against the injurer's insurer. The court held that the employer could not obtain any reimbursement from the part of the settlement earmarked for compensation for loss of consortium by the employee's wife, because none of the compensation it had paid to the employee was for his wife's loss of consortium. This could be because her interest in the suit lay wholly outside the reach of the workers' compensation statute, but what is likelier is that the statute had extinguished the wife's claim for loss of consortium, just as it had extinguished other aspects of the common law of industrial accidents. Apparently all states but Massachusetts interpret their workers' compensation statute to bar suits for loss of consortium by a covered worker's spouse. Annot., 36 A.L.R.3d 900, 929–31 (1971 and Supp.1990); *Ferriter v. Daniel O'Connell's Sons, Inc.*, 381 Mass. 507, 413 N.E.2d 690 (1980).

■ Mrs. Vickery's second argument is that the language of the Occupational Disease Act is less clear than it seems. The employer's liability for compensation under the Act "shall be exclusive and in place of any and all other civil liability ... to any employee or his legal representative." Ill. Rev.Stat. ch. 48, ¶ 172.46. A spouse is neither when she is suing in her own right. But that is not all that the section states; entitled "Compensation as Full Measure of Employer's Liability," it provides that "The compensation herein provided for shall be the full, complete and only measure of the [employer's] liability." Still, when the two sections we have quoted are read together there is an ambiguity, which opens the way for Mrs. Vickery's best argument. The Workers' Compensation Act, which is otherwise closely parallel to the Occupational Disease Act, contains an *express* disclaimer of liability to persons other than the employee or his legal representative: "No common law or statutory right to recover damages ... is available to any employee ... [or] to anyone wholly or partially dependent upon him, the legal representatives of his estate, or anyone otherwise entitled to recover damages for such injury." Ill.Rev.Stat. ch. 48, ¶ 138.5(a). So while the plaintiff concedes as she must that the Workers' Compensation Act has been consistently interpreted to bar suits for loss of consortium by a covered worker's spouse, *Dobrydnia v. Indiana Group, Inc.*, 209 Ill.App.3d 1038, 154 Ill.Dec. 781, 568 N.E.2d 1002 (1991), she argues that the Occupational Disease Act need not be interpreted the same way.

Yet the Illinois courts say the exclusivity provisions of the two statutes should be given the same meaning. *Dur–Ite Co. v. Industrial Commission*, 394 Ill. 338, 68 N.E.2d 717 (1946); *Ryherd v. Growmark, Inc.*, 156 Ill.App.3d 667, 108 Ill.Dec. 687, 509 N.E.2d 113 (1987). And this is surely right. The statutes were passed at about the same time and are almost identical, and the plaintiff has been unable to suggest any reason why the legislature might have

wanted to treat suits for loss of consortium differently depending on whether the plaintiff's spouse had been injured traumatically or had become sick. It is true that the exclusivity provisions are worded differently but no one has been able to explain the difference, leaving us to conjecture that it probably is accidental. At all events, the Illinois courts say they mean the same thing and we are bound by this determination, which leads ineluctably to the conclusion that the suit is barred and that the judgment of the district court must therefore be

AFFIRMED.