MASITTO, INCOMPETENT, BY AND
THROUGH HER GUARDIANS, ET AL.,
APPELLANTS, *v.*
ROBIE ET AL., APPELLEES.

(No. 10-190—Decided March 11, 1985.)

*Phillip A. Lawrence & Associates, Phillip A. Lawrence* and *Loren Loving Vail,* for appellants.

*Kitchen, Messner & Deery* and *Charles W. Kitchen,* for appellee Richard R. Robie, M.D.

*Squire, Sanders & Dempsey, Robin G. Weaver* and *Roberta W. Spurgeon,* for appellee DeSung Kim, M.D.

*Reminger & Reminger Co., L.P.A.,* and *Gary H. Goldwasser,* for appellee Lake County Memorial Hospital.

FORD, J. This cause of action was filed in the Lake County Court of Common Pleas on October 31, 1983. The complaint consisted of four causes of action. The first three claims alleged acts of medical malpractice on the part of appellees resulting in permanent injury to Christine J. Masitto. The fourth cause of action was brought on behalf of Christine's daughter, Stacy. This cause of action alleged that as a result of the appellees' negligence, Stacy was deprived of her mother's love, companionship, consortium, and services. This cause of action was dismissed by the trial court on the premise that Ohio law does not recognize such legal remedy on behalf of a minor child.

Appellant Christine was admitted to Lake County Memorial Hospital on November 3, 1973. Appellant gave birth to a physically and mentally normal child, Stacy. However, during labor appellant suffered cerebral damage which has left her permanently disabled.

Appellants present one assignment of error:

"The trial court erred when it denied the minor child an independent cause of action for loss of parental care, comfort, society, companionship, instruction and guidance when her parent was injured by the negligence of a third party."

Appellants' assignment of error centers on the issue of whether a minor child may recover for the loss of a parent's affection, companionship and services when that parent is injured as the result of a third party's negligence.

Ohio law does not recognize such a cause of action. *Gibson* v. *Johnston* (1956), 75 Ohio Law Abs. 413; *Kane* v. *Quigley* (1964), 1 Ohio St. 2d 1 [30 O.O.2d 1]. The Supreme Court has reasoned in *Kane, supra,* that there is no statutory basis for recovery and one does not exist at common law. The trial court, as well as this court, is bound by the law as declared by the Ohio Supreme Court. *Battig* v. *Forshey* (1982), 7 Ohio App. 3d 72. This is not a case of first impression where we may be more flexible.

Appellant has pointed out that the legislature provides for recovery by a child under R.C. 2125.02, the wrongful death statute. Whether the disparity

between recovery by a surviving child when a parent dies, as opposed to such parent being severely injured or disabled, violates a constitutional right is beyond our scope of inquiry. The constitutional issue was not raised at the trial level and is, therefore, waived. *Kalish* v. *Trans World Airlines* (1977), 50 Ohio St. 2d 73 [4 O.O.3d 195].

In conclusion, while this court may be sympathetic to appellant's request to expand the rights of children, we are bound by existing law. *Battig, supra.* It is more appropriately a legislative function to create such a new right, or within the province of the Ohio Supreme Court to reconsider its position and adopt the more enlightened approach. Thus, the assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DAHLING, P.J., and COOK, J., concur.