MELISSA HUTER, by her Mother and Next Friend, Barbara Huter, Plaintiff-Appellant, v. CECIL L. EKMAN, Defendant-Appellee.

Second District   No. 84—0917

Opinion filed October 23, 1985.

Weisz & Weisz, of Woodstock, for appellant.

Stephen A. Rehfeldt, of Wylie, Wheaton & Associates, P.C., of Wheaton, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Melissa Huter, by her mother and next friend, Barbara Huter, appeals from the judgment of the circuit court of Kane County which granted, with prejudice, the motion to dismiss of defendant, Cecil L. Ekman, pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—615), on the ground that, under Illinois common law, there is no cause of action for loss of parental consortium. Plaintiff also appeals the trial court's order which denied her motion to stay proceedings pending appeal. This case had been consolidated with plaintiff's father's action for his personal injuries. Plaintiff, a minor child, complained that she suffered the loss of consortium of her father, including the deprivation of parental guidance, moral instruction, education, companionship, support, maintenance, and other services, due to the permanent, but not fatal, injuries he received as a result of defendant's alleged negligent conduct.

Plaintiff raises three issues on appeal that: (1) plaintiff was denied equal protection of the law by the trial court's refusal to recognize a cause of action for loss of parental consortium; (2) plaintiff was denied due process of law by the trial court's refusal to recog-

nize a cause of action for loss of parental consortium; and (3) the Illinois courts should recognize a cause of action for loss of parental consortium when a parent is permanently injured by a third person's negligent conduct. We affirm the judgment of the circuit court.

This appeal presents the issue of whether Illinois should recognize a cause of action by a minor child for the loss of parental consortium, including, among other things, guidance, moral instruction, companionship, and support, against a third party who negligently injured that parent. This issue was addressed and resolved against plaintiff in *Koskela v. Martin* (1980), 91 Ill. App. 3d 568. In following cases, the appellate court continued to refuse to recognize such a cause of action (*Block v. Pielet Brothers Scrap & Metal, Inc.* (1983), 119 Ill. App. 3d 983; *Mueller v. Hellrung Construction Co.* (1982), 107 Ill. App. 3d 337; *McNeil v. Diffenbaugh* (1982), 105 Ill. App. 3d 350; see also *Estate of Davis v. Hazen* (C.D. Ill. 1983), 582 F. Supp. 938), although a cause of action now exists for parental loss of a minor child's society and companionship (*Dymek v. Nyquist* (1984), 128 Ill. App. 3d 859, 868). The basis for this refusal is the belief that this cause of action, like wrongful death (Ill. Rev. Stat. 1983, ch. 70, par. 1 *et seq.*) actions, should be provided, if at all by the legislature. (*Block v. Pielet Brothers Scrap & Metal, Inc.* (1983), 119 Ill. App. 3d 983, 987; *Koskela v. Martin* (1980), 91 Ill. App. 3d 568, 570.) The courts have reasoned that the legislature is in a better position to weigh the benefits of the proposed cause of action against other societal concerns. (*Mueller v. Hellrung Construction Co.* (1982), 107 Ill. App. 3d 337, 339. See generally Annot., 11 A.L.R.4th 549 (1982).) The appellate court also has determined that a minor child is not denied equal protection of the law by the failure to recognize a cause of action for loss of parental consortium. *Mueller v. Hellrung Construction Co.* (1982), 107 Ill. App. 3d 337, 341.

Of the other jurisdictions which have considered the issue as to whether a minor child may recover for the loss of parental consortium of an injured parent, nearly all have concluded that no such cause of action exists. (See Annot., 11 A.L.R.4th 549 (1982).) It appears that at least five States recognize the cause of action: Massachusetts (*Ferriter v. Daniel O'Connell's Sons, Inc.* (1980), 381 Mass. 507, 413 N.E.2d 690), Michigan (*Berger v. Weber* (1981), 411 Mich. 1, 303 N.W.2d 424), Wisconsin (*Theama v. City of Kenosha* (1984), 117 Wis. 2d 508, 344 N.W.2d 513), Washington (*Ueland v. Reynolds Metals Co.* (1984), 103 Wash. 2d 131, 691 P.2d 190), and Vermont (*Hay v. Medical Center Hospital* (1985), 145 Vt. 533, 496 A.2d 939). Although the Colorado Supreme Court has not addressed the issue,

the Federal district court in Colorado has recognized that such a cause of action exists under Colorado law. (*Reighley v. International Playtex, Inc.* (D. Colo. 1985), 604 F. Supp. 1078.) Two other States, Iowa and Florida, have retreated from their earlier acknowledgment of the cause of action. *Weitl v. Moes* (Iowa 1981), 311 N.W.2d 259, *overruled by Audubon-Exira Ready Mix, Inc. v. Illinois Central Gulf R.R. Co.* (Iowa 1983), 335 N.W.2d 148; *Rosen v. Zorzos* (Fla. App. 1984), 449 So. 2d 359, *rev'd* (Fla. 1985), 467 So. 2d 305.

In the present case, the plaintiff urges this court to expand Illinois law by recognizing a cause of action by a minor child for loss of the consortium of an injured parent. We agree with the other districts of the appellate court which have considered the issue that this expansion of existing law would be made, if at all, by the legislature.

Article I, section 12, of the Illinois Constitution provides that every person shall find a certain remedy in the laws for all injuries and wrongs received (Ill. Const. 1970, art. I, sec. 12); it does not mandate the creation of a new cause of action. This section has been construed as an expression of philosophy which was not meant to have a substantive effect on Illinois law. *Schlenz v. Castle* (1985), 132 Ill. App. 3d 993, 1014; *Ostergren v. Forest Preserve District* (1983), 118 Ill. App. 3d 319, 323, *rev'd on other grounds* (1984), 104 Ill. 2d 128; *Favata v. Rosenberg* (1982), 106 Ill. App. 3d 572, 574; *Koskela v. Martin* (1980), 91 Ill. App. 3d 568, 572.

We decline to recognize a common law cause of action for loss of parental consortium by a minor child against a third person who negligently injured that parent. The judgment of the circuit court of Kane County is affirmed.

Affirmed.

HOPF and UNVERZAGT, JJ., concur.