NICHOLE CHARON HEARN, a Minor by Central Bank, the Guardian of her Estate, Plaintiff-Appellant, v. BEELMAN TRUCK COMPANY *et al.*, Defendants-Appellees.

Fifth District   No. 5—86—0388

Opinion filed April 29, 1987.

Roy C. Dripps, of Talbert & Mallon, P.C., of Alton, for appellant.

Stephen J. Maassen, of Hoagland, Maucker, Bernard & Almeter, of Alton, for appellee Beelman Truck Company.

F. Douglas O'Leary and Martin L. Perron, both of Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, of St. Louis, Missouri, for appellees Donald K. Shewmake and Ronald Weihe.

JUSTICE JONES delivered the opinion of the court:

Plaintiff minor appeals an order of the trial court that dismissed with prejudice her two-count amended complaint for damages for the loss of the love, society, companionship, and parental guidance of her mother. The mother had received serious, disabling, and permanent injuries when a car in which she was a passenger, driven by defendant Henry, collided with a truck owned by the defendant Beelman Truck Company, driven by defendant Shewmake, who was also alleged to be an agent of defendant Weihe. The basis of the dismissal by the trial court was that the complaint failed to state a cause of action in either of its counts. We affirm.

Count I of plaintiff's amended complaint alleged a cause of action for the loss of the love, society, companionship, and parental guidance of her mother based upon a statutory cause of action. Count II of the complaint alleged a cause of action based upon common law.

We first consider the allegations of count II of the amended complaint, that based upon a common law cause of action. Plaintiff concedes that the cases in Illinois, five of them since 1980, required the circuit court to dismiss count II. On appeal, however, she urges that we reconsider the previous decisions and find that there is a common law action for loss of what is termed parental consortium. Courts in other States have recognized such an action, urges the plaintiff, and Illinois should do likewise.

The arguments advanced by the plaintiff, and the citations to the decisions of other States that have recognized the common law cause of action, have been considered by this court (*Mueller v. Hellrung Construction Co.* (1982), 107 Ill. App. 3d 337, 437 N.E.2d 789), and courts of other Illinois appellate districts (*Huter v. Ekman* (1985), 137 Ill. App. 3d 733, 484 N.E.2d 1224; *Block v. Pielet Brothers Scrap & Metal, Inc.* (1983), 119 Ill. App. 3d 983, 457 N.E.2d 509; *McNeil v. Diffenbaugh* (1982), 105 Ill. App. 3d 350, 434 N.E.2d 377), and rejected. (Also see *Estate of Davis v. Hazen* (C.D. Ill. 1983), 582 F. Supp. 938.) As explained in *Huter v. Ekman,* the basis for this refusal is the belief that this cause of action like wrongful-death actions (Ill. Rev. Stat. 1985, ch. 70, par. 1 *et seq.*) should be provided, if at all, by the legislature.

■ We have concluded that we will adhere to our previous decision in *Mueller,* and those of the other appellate districts, and con-

tinue to hold that there is no common law action for loss of parental consortium in Illinois.

■ In her argument upon count I of her amended complaint, the plaintiff develops an argument based upon several sections of the Illinois statutes of limitations (Ill. Rev. Stat. 1985, ch. 110, par. 13—101 *et seq.*) to show that the Illinois legislature has indeed made statutory provision for an action by a minor for loss of parental consortium. Plaintiff concedes that while the statutes relied upon do not expressly create the cause of action for loss of parental consortium, they nevertheless recognize that such a cause of action exists and create it by implication. Plaintiff starts her analysis by reference to section 13—203.1 of the limitations statute (Ill. Rev. Stat. 1985, ch. 110, par. 13—203.1). That section provides:

> "Loss of means of support or parental relationships. Actions for damages for loss of means of support or loss of parental or in loco parentis relationships sustained by a minor resulting from an injury described in Section 13—214.1 may be commenced no later than 10 years after the person who inflicted such injury has completed his sentence therefor."

Section 13—214.1 sets a special limitations period of 10 years after completion of sentence for injuries described in section 13—202 or section 13—203 that arise out of the commission of murder or a Class X felony. The injuries described in section 13—202 (the general limitations statute for personal injuries of two years) are seven in number and include injuries to the person. The injury described in section 13—203 (a special limitations statute for loss of consortium of two years) is the loss of consortium or other derivative actions resulting from injury to the person. Both sections 13—202 and 13—203 pertain to civil actions for damages but expressly except injuries resulting from the commission of a murder or a Class X felony. Thus, section 13—214.1 is a special limitations statute for the referred injuries resulting from the commission of a murder or a Class X crime.

■ Plaintiff reasons that "Sections 13—203.1, 13—203 and 13—202 are each incorporated by reference into Section 13—214.1." Section 13—203 is applicable to civil "actions for damages for loss of consortium *or other actions deriving from injury to the person of another.*" (Emphasis added by plaintiff.) Accordingly, plaintiff contends, section 13—203 recognizes by implication a minor's civil action for damages for loss of parental consortium.

Plaintiff's analysis is strained and unsupportable. Sections 13—202, 13—203, and 13—203.1 are not incorporated in section 13—214.1. Rather, there are merely references among those various sections to

implement an obvious legislative policy to greatly extend the statute of limitations for actions for damages for personal injuries that result from the commission of a murder or a Class X crime and to accord the same treatment in that regard to both minors and adults. Plaintiff's use of a double reference, that is, a reference from 13—203.1 into 13—214.1 and then back out of 13—214.1 to 13—203 cannot be sustained. There is no justification for the second reference back out of 13—214.1 to the civil action for a minor's loss of parental consortium as another action deriving from an injury to the person.

We go a step beyond the necessary to question whether the legislature in enacting section 13—203.1 even created a minor's action for loss of parental consortium resulting from injuries inflicted in a murder or a Class X felony. That section is a limitations statute; it does not expressly create such a cause of action. A reasonable interpretation of its wording would be that its sole purpose is to expand the limitations period on behalf of a minor for a common law action for loss of parental consortium. Section 13—203.1 simply recognizes that there is such a common law action and expands the limitation period for it. But, as we have seen, there is no such common law action in Illinois. In none of the limitations sections plaintiff discusses is *any* cause of action created or authorized. They deal with existent causes of action only. It would thus seem that the legislative reference to a minor's common law action resulting from a murder or Class X felony was not well founded in law.

We, as other courts before us have done, leave it to the legislature to authorize a civil action by a minor for damages for the loss of parental consortium, that is, for the loss of parental society, companionship, love, affection, and parental guidance. At this time, the legislature has not so provided.

Affirmed.

HARRISON and WELCH, JJ., concur.