SHEILA VAN DE VEIRE *et al.*, Plaintiffs-Appellants, v. SEARS, ROEBUCK & COMPANY, Defendant-Appellee.

First District (5th Division)   No. 87—0867

Opinion filed January 13, 1989.

Jeffrey B. Sussman and Gilbert J. Ross, both of Sussman, Selig & Ross, and David A. Novoselsky & Associates, both of Chicago (David A. Novoselsky and Kathleen M. Krist, of counsel), for appellants.

John W. Bell, of Johnson, Cusack & Bell, Ltd., of Chicago (Thomas H. Fegan, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs appeal from the dismissal of their cause of action against defendant for failure to state a cause of action for minor children's loss of society resulting from the non-fatal injury to their mother. We address the issue of whether Illinois recognizes a minor child's cause of action for the loss of his parent's society due to a non-fatal injury. For the following reasons, we affirm.

Plaintiffs, who are mother, father, and two minor children, filed an eight-count complaint for personal injuries the mother suffered when a shirt she was wearing caught fire. The shirt was sold by defendant. The mother suffered severe burns, scarring, and brain damage as a result of the fire.

Count VII of the complaint was brought by the father as next friend of the minor children to assert their cause of action for loss of the mother's society as a result of her non-fatal injuries. On February 24, 1987, count VII was dismissed pursuant to section 2—615 of the Code of Civil Procedure for failure to state a cause of action. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615.) Plaintiffs filed a timely notice of appeal.

OPINION

The sole issue on appeal is whether Illinois recognizes a minor child's cause of action for the loss of a parent's society due to a non-fatal injury. This court has previously refused to recognize such a cause of action. See *Block v. Pielet Brothers Scrap & Metal, Inc.* (1983), 119 Ill. App. 3d 983, 457 N.E.2d 509; *Koskela v. Martin* (1980), 91 Ill. App. 3d 568, 414 N.E.2d 1148.

Moreover, the Illinois Supreme Court has recently decided that a parent does not have a cause of action for the loss of a minor child's society due to a non-fatal injury. (*Dralle v. Ruder* (1988), 124 Ill. 2d 61, 529 N.E.2d 209.) In *Dralle*, plaintiffs filed a complaint for, among other things, the loss of society of their son who suffered non-fatal in-

juries at birth due to the mother's use of a prescription drug. Defendant, the manufacturer of the drug, moved to dismiss, and the trial court found Illinois did not recognize a parent's cause of action for the loss of his child's society due to a non-fatal injury. The supreme court agreed and affirmed the trial court's dismissal of the cause of action. Initially, the supreme court distinguished the plaintiffs' cause of action from a claim for loss of society in a wrongful death action because when a non-fatal injury is involved, the victim still retains his own cause of action against the tortfeasor. Additionally, the court cited several policy considerations in support of its holding that Illinois does not recognize the cause of action, such as the broadening of tort liability, the possibility of duplicate recovery, and the difficulty in assessing damages.

In the present case, minor children, rather than parents as in *Dralle*, attempted to state a cause of action for the loss of their parent's society due to a non-fatal injury. We believe the supreme court's decision in *Dralle* is additional support for our holding that Illinois does not recognize a minor child's cause of action for the loss of his parent's society. For the foregoing reasons, the trial court's decision in dismissing count VII of plaintiffs' complaint is affirmed.

Judgment affirmed.

MURRAY, P.J., and PINCHAM, J., concur.