BARBARA KRAMER VAUGHN, WILLIAM GARY VAUGHN, AND AUTUMNE VAUGHN AND ALANA VAUGHN, BY RONALD ERIC VAUGHN, THEIR GUARDIAN AD LITEM, PLAINTIFFS v. GEORGE E. CLARKSON, R.T.C. TRANSPORTATION, INC., AND PAVEMENT TECHNOLOGY SYSTEMS, LTD., DEFENDANTS

No. 248PA88

(Filed 9 February 1989)

**Parent and Child § 1— loss of parental consortium—claim not recognized**

A child's claim for loss of parental consortium against a third party for negligent injuries to a parent is not recognized in North Carolina.

ON discretionary review under N.C.G.S. § 7A-31 prior to determination by the Court of Appeals of the order entered by *Brannon, J.,* on 11 February 1988 dismissing the plaintiffs' claims

for loss of parental consortium. Heard in the Supreme Court 13 December 1988.

This appeal involves the loss of parental consortium. The allegations of the complaint show that plaintiff Barbara Kramer Vaughn is the mother of plaintiff Alana Vaughn and the stepmother of plaintiff Autumne Vaughn. The plaintiffs alleged that Barbara Kramer Vaughn was injured by the negligence of the defendants and as a result of her injuries Alana Vaughn and Autumne Vaughn have been damaged by the loss of consortium with Barbara Kramer Vaughn. The superior court dismissed the claims of Alana Vaughn and Autumne Vaughn.

*Thorp, Fuller & Slifkin, P.A., by Anne R. Slifkin, Margaret E. Karr and James C. Fuller, Jr., for plaintiff appellants.*

*Young, Moore, Henderson & Alvis, P.A., by David P. Sousa and Knox Proctor, for defendant appellees Clarkson and R.T.C. Transportation, Inc.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Nigle B. Barrow, Jr., Susan M. Parker and Mark A. Ash, for defendant appellee Pavement Technology Systems, Ltd.*

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Michael K. Curtis, for North Carolina Academy of Trial Lawyers, amicus curiae.*

*Wallace, Morris, Barwick & Rochelle, by David R. Duke, for North Carolina Association of Defense Attorneys, amicus curiae.*

PER CURIAM.

This case brings to this Court the question of whether either a child or a stepchild has a claim for loss of consortium against a third party for negligent injuries to the mother and stepmother. We conclude the child and the stepchild do not have such a claim.

The common law of this jurisdiction has refused to recognize a child's claim for loss of parental consortium when the parent was negligently injured by another, *Ipock v. Gilmore*, 85 N.C. App. 70, 354 S.E. 2d 315, *cert. denied*, 320 N.C. 169, 358 S.E. 2d 52 (1987); or when the mother's affections were intentionally alienated by another, *Henson v. Thomas*, 231 N.C. 173, 56 S.E. 2d 432 (1949). In *Nicholson v. Hospital*, 300 N.C. 295, 266 S.E. 2d 818

(1980), this Court expressed its belief that claims for loss of consortium should be limited to the spousal relationship, saying:

> If a loss of consortium is seen not only as a loss of service but as a loss of legal sexual intercourse and general companionship, society and affection as well, by definition any damage to consortium is limited to the legal marital partner of the injured. Strangers to the marriage partnership cannot maintain such an action. . . .

*Id.* at 303, 266 S.E. 2d at 822-23 (footnote omitted). In *Azzolino v. Dingfelder*, 315 N.C. 103, 337 S.E. 2d 528 (1985), *cert. denied*, 479 U.S. 835, 93 L.Ed. 2d 75 (1986), this Court affirmed "[f]or the reasons set forth . . . in the opinion of the Court of Appeals," *id.* at 117, 337 S.E. 2d at 537, that court's decision, which relied in part on *Henson*, that children could not maintain an action for loss of parental consortium against one who, it was alleged, negligently caused another sibling with Downs Syndrome to be born to the parents.

Cognizant of these precedents and conceding that a majority of jurisdictions has consistently rejected a child's claim for loss of parental consortium, appellants nonetheless ask us now to recognize such a claim, pointing to a supposed "trend" since 1980 toward recognition. Some jurisdictions have, it is true, recently recognized these claims. *Ferriter v. Daniel O'Connell's Sons, Inc.*, 381 Mass. 507, 413 N.E. 2d 690 (1980); *Berger v. Weber*, 411 Mich. 1, 303 N.W. 2d 424 (1981); *Weitl v. Moes*, 311 N.W. 2d 259 (Iowa 1981); *Audubon-Exira v. Illinois Central*, 335 N.W. 2d 148 (Iowa 1983); *Theama v. City of Kenosha*, 117 Wis. 2d 508, 344 N.W. 2d 513 (1984); *Ueland v. Reynolds Metal Co.*, 103 Wash. 2d 131, 691 P. 2d 190 (1984); *Hay v. Medical Center Hospital of Vermont*, 145 Vt. 533, 496 A. 2d 939 (1985); *Hibpshman v. Prudhoe Bay Supply, Inc.*, 734 P. 2d 991 (Alaska 1987); *Leach v. Newport Yellow Cab, Inc.*, 628 F. Supp. 293 (S.D. Ohio 1985). Other jurisdictions, just as recently, have either refused such claims for the first time or have continued to follow earlier precedents which refused them. *DeLoach v. Companhia de Navegacao Lloyd Brasileiro*, 782 F. 2d 438 (3rd Cir. 1986) (no recovery under maritime law or federal common law); *Madore v. Ingram Tank Ships, Inc.*, 732 F. 2d 475 (5th Cir. 1984); *Green v. A. B. Hagglund and Soner*, 634 F. Supp. 790 (D. Idaho 1986) (applying Idaho law); *Kershner v. Beloit Corp.*,

611 F. Supp. 943 (D. Me. 1985) (applying Maine law); *Clark v. Romeo*, 561 F. Supp. 1209 (D. Conn. 1983); *Hoesing v. Sears, Roebuck & Co.*, 484 F. Supp. 478 (D. Neb. 1980) (applying Nebraska law); *Lewis v. Rowland*, 287 Ark. 474, 701 S.W. 2d 122 (1985); *Nix v. Preformed Line Products Co.*, 170 Cal. App. 3d 975, 216 Cal. Rptr. 581 (1985); *Ledger v. Tippitt*, 164 Cal. App. 3d 625, 210 Cal. Rptr. 814 (1985); *Lee v. Colorado Dept. of Health*, 718 P. 2d 221 (Colo. 1986); *Zorzos v. Rosen*, 467 So. 2d 305 (Fla. 1985); *Fayden v. Guerrero*, 420 So. 2d 656 (Fla. App. 3 Dist. 1982), *review denied*, 430 So. 2d 450 (1983); *Bremer v. Graham*, 169 Ga. App. 115, 312 S.E. 2d 806 (1983); *Hearn v. Beelman Truck Co.*, 154 Ill. App. 3d 1022, 507 N.E. 2d 1295 (1987); *Huter v. Ekman*, 137 Ill. App. 3d 733, 484 N.E. 2d 1224 (1985); *Block v. Pielet Bros. Scrap and Metal Inc.*, 119 Ill. App. 3d 983, 457 N.E. 2d 509 (1983); *Mueller v. Hellrung Constr. Co.*, 107 Ill. App. 3d 337, 437 N.E. 2d 789 (1982); *Koskela v. Martin*, 91 Ill. App. 3d 568, 414 N.E. 2d 1148 (1980); *Durepo v. Fishman*, 533 A. 2d 264 (Me. 1987); *Salin v. Kloempken*, 322 N.W. 2d 736 (Minn. 1982); *DeAngelis v. Lutheran Medical Center*, 84 A.D. 2d 17, 445 N.Y.S. 2d 188 (1981), *aff'd*, 58 N.Y. 2d 1053, 462 N.Y.S. 2d 626, 449 N.E. 2d 406 (1983); *Morgel v. Winger*, 290 N.W. 2d 266 (N.D. 1980); *Sanders v. Mt. Sinai Hospital*, 21 Ohio App. 3d 249, 487 N.E. 2d 588 (1985); *Masitto v. Robie*, 21 Ohio App. 3d 170, 486 N.E. 2d 1258 (1985); *Norwest v. Presbyterian Intercommunity Hosp.*, 293 Or. 543, 652 P. 2d 318 (1982); *Steiner v. Bell Tele. Co.*, 358 Pa. Super. 505, 517 A. 2d 1348 (1986), *aff'd*, 518 Pa. 57, 54 A. 2d 266 (1988); *Graham v. Ford Motor Co.*, 721 S.W. 2d 554 (Tex. Civ. App. 1986); *Bennight v. Western Auto Supply Co.*, 670 S.W. 2d 373 (Tex. Civ. App. 1984).

It would serve little purpose here to array all the cases on both sides of the issue. Neither can we add profitably to what has already been said in these cases both for and against the recognition of such claims. For references to many of the cases and a general summary of the arguments, *see Child's Action—Loss of Parental Attention*, 11 A.L.R. 4th 549 (1982). It suffices to say that we believe the majority view on the issue is the better one and it is consistent with our precedents. We conclude, therefore, that a child's claim for loss of parental consortium against one who is alleged to have negligently injured the parent ought not to be recognized.

Affirmed.