STEVE KARAGIANNAKOS *et al.*, Plaintiffs-Appellants, v. BENJAMIN GRUBER, Defendant-Appellee.

First District (1st Division)    No. 1—93—4362

Opinion filed July 24, 1995.

O'Callaghan & Associates, P.C., of Chicago (Joseph Michael O'Callaghan and Jennifer A. Schmidt, of counsel), for appellants.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Dominick W. Savaiano, and William A. Rogers, of counsel), for appellee.

JUSTICE WOLFSON delivered the opinion of the court:

In Illinois, today, when a parent dies because of someone else's negligence, that parent's child and spouse may bring loss of consortium claims against the wrongdoer.

If, instead of dying, the parent is severely and permanently injured, the spouse still may bring a claim against the wrongdoer. The child cannot.

In this appeal, the minor plaintiffs ask: why not?

The answer is provided by the reviewing courts that have been asked the same question in other cases.

We affirm the trial court order dismissing the loss of parental consortium claim made in this case.

PROCEEDINGS IN THE TRIAL COURT

Steven Karagiannakos filed a cause of action seeking to recover damages for injuries he sustained when defendant Benjamin Gruber, M.D., performed surgery on his ear. Plaintiff alleged that during the course of surgery, defendant negligently punctured his dura (the brain membrane), causing "injury including a temporal lobe abscess."

In count III of the second amended complaint, Steven's three children, Anthony, Koula and Maria, complained that they suffered the loss of consortium of their father due to the nonfatal injuries he received as a result of the defendant's negligent medical treatment. Plaintiffs allege their father's injuries "include seizures, acute mental status changes, severe disorientation, confusion, and lethargy." As a

result, Steven "is unable to work at all." Plaintiffs allege their father no longer displays affection to them and that he has become hostile to, and estranged from, them. Plaintiffs claim that their father can no longer provide financial support, "guidance, moral instruction, companionship and parental love and affection."

Defendant brought a motion to dismiss count III of the plaintiffs' second amended complaint on the basis that Illinois has repeatedly refused to recognize a cause of action for loss of parental consortium resulting from nonfatal injuries. The trial court granted the motion. Plaintiffs appeal from the order of dismissal.

DECISION

The Karagiannakos children ask this court to allow them to pursue a cause of action for loss of parental consortium against the defendant for the nonfatal injuries suffered by their father. They ask for a change in existing law.

A clear and consistent line of cases in the Illinois Appellate Court holds that a minor has no cause of action for loss of parental consortium when the parent survives, no matter how seriously the parent is injured. See *Van De Veire v. Sears, Roebuck & Co.* (1989), 178 Ill. App. 3d 794, 533 N.E.2d 994; *Hearn v. Beelman Truck Co.* (1987), 154 Ill. App. 3d 1022, 507 N.E.2d 1295; *Huter v. Ekman* (1985), 137 Ill. App. 3d 733, 484 N.E.2d 1224; *Block v. Peilet Brothers Scrap & Metal, Inc.* (1983), 119 Ill. App. 3d 983, 457 N.E.2d 509; *McNeil v. Diffenbaugh* (1982), 105 Ill. App. 3d 350, 434 N.E.2d 377; *Mueller v. Hellrung Construction Co.* (1982), 107 Ill. App. 3d 337, 437 N.E.2d 789; *Koskela v. Martin* (1980), 91 Ill. App. 3d 568, 414 N.E.2d 1148.

The Illinois Supreme Court has not spoken on this exact issue, but it has come close.

In *Dralle v. Ruder* (1988), 124 Ill. 2d 61, 529 N.E.2d 209, the court held that parents do not have a cause of action for loss of companionship and society resulting from nonfatal injuries to a child. In reaching its conclusion, the court said:

> "And our appellate court has consistently refused to recognize the converse claim—actions brought by children for loss of society and companionship resulting from nonfatal injuries to their parents." *Dralle v. Ruder*, 124 Ill. 2d at 65.

In *Dralle*, the plaintiff urged the supreme court to extend its holding in *Bullard v. Barnes* (1984), 102 Ill. 2d 505, 468 N.E.2d 1228 (a parent may recover compensation for loss of a minor child's society in a wrongful death action). The court refused, pointing out a "chief distinction" between the two situations: the "nonfatally injured victim retains his own cause of action against the tortfeasor." *Dralle v. Ruder*, 124 Ill. 2d at 69.

The court also relied on several policy considerations to support its refusal to extend *Bullard v. Barnes.*

The court was concerned about the appropriate scope of tort liability. That is, "to recognize claims for loss of society resulting from nonfatal injuries to a child would threaten a considerable enlargement of liability." (*Dralle v. Ruder,* 124 Ill. 2d at 70.) The court believed that "[g]randparents, siblings, and friends suffering similar losses of society and companionship would also seek to bring claims, if recovery were to go unchecked." *Dralle v. Ruder,* 124 Ill. 2d at 70.

In addition, said the court, duplicate recoveries would be invited. The trier of fact would have difficulty distinguishing between the child's own claim and the claim of its parents for loss of society and companionship.

And there would be the difficulty of determining damages—the "sensitive, and perhaps impossible, task of evaluating—and assigning a monetary figure to—the reduced value of the parents' relationship with the affected child." *Dralle v. Ruder,* 124 Ill. 2d at 70-71.

In *Van De Veire v. Sears, Roebuck & Co.* (1989), 178 Ill. App. 3d 794, 796, 533 N.E.2d 994, the court held that *Dralle v. Ruder* provided "additional support" for its holding that Illinois does not recognize a minor child's cause of action for the loss of a parent's society.

We are not free agents in this matter. We hold the trial court was correct when it dismissed the children's cause of action.

We resist the temptation to strike out on our own in this case. It is not easy to understand judicial reluctance to compensate a child who has been deprived of a parent's guidance, affection, training, care, companionship, and love by another's negligence simply because the parent lived. Especially where a spouse is entitled to bring such an action. Careful instructions to juries and strict joinder rules could solve many of the problems that have concerned our courts in these cases.

The decision we reach today is consistent with the majority view in this country. See Restatement (Second) of Torts § 707A (1977).

We note, however, there is a trend in other States to recognize the child's parental loss of consortium action for nonfatal injuries. It began in 1980 with a decision by the Massachusetts Supreme Court. (*Ferriter v. Daniel O'Connell's Sons, Inc.* (1980), 381 Mass. 507, 413 N.E.2d 690.) Since then, 14 other jurisdictions recognized a common law action for loss of parental consortium.[1] These 15 jurisdictions include six that have reversed previous positions denying the exis-

---

[1]See *Gallimore v. Children's Hospital Medical Center* (1993), 67 Ohio St. 3d 244, 617 N.E.2d 1052; *Hibpshman v. Prudhoe Bay Supply, Inc.* (Alaska

tence of a cause of action for loss of parental consortium in nonfatal injury cases. (For a thorough review of the trend, see Parker, *Parental Consortium: Assessing The Contours Of The New Tort In Town*, 64 Miss. L.J. 37 (1994).)

CONCLUSION
The trial court's order dismissing the cause of action for the children's loss of parental consortium is affirmed.

Affirmed.

CAMPBELL, P.J., and BRADEN, J., concur.

1987), 734 P.2d 991, 994-97; *Villareal v. Arizona Department of Transportation* (1989), 160 Ariz. 474, 477-82, 774 P.2d 213, 216-20; *Weitl v. Moes* (Iowa 1981), 311 N.W.2d 259, overruled in part by *Audobon-Exira Ready Mix, Inc. v. Illinois Central Gulf R.R.* (Iowa 1983), 335 N.W.2d 148, 151-53; *Berger v. Weber* (1981), 411 Mich. 1, 11-13, 303 N.W.2d 424, 425; *Keele v. St. Vincent Hospital & Health Care Center* (1993), 258 Mont. 158, 160-65, 852 P.2d 574, 576-78; *Williams v. Hook* (Okla. 1990), 804 P.2d 1131, 1133-38; *Reagan v. Vaugn* (1990), 34 Tex. Sup. Ct. J. 189, 804 S.W.2d 463, 465-66; *Hay v. Medical Center Hospital* (1985), 145 Vt. 533, 545, 496 A.2d 939, 946; *Ueland v. Reynolds Metals Co.* (1984), 103 Wash. 2d 131, 137, 691 P.2d 190, 195; *Belcher v. Goins* (1990), 184 W. Va. 395, 406, 400 S.E.2d 830, 841; *Theama v. City of Kenosha* (1984), 117 Wis. 2d 508, 526-28, 344 N.W.2d 513, 522; *Nulle v. Gillette-Campbell County Joint Powers Fire Board* (Wyo. 1990), 797 P.2d 1171, 1176; see also *Reighley v. International Playtex, Inc.* (D. Colo. 1985), 604 F. Supp. 1078.