JOHN PAVELICH, Plaintiff, v. ALL AMERICAN HOMES, INC., *et al.*, Defendants (Highland Meadows Subdivision, Counterplaintiff-Appellant; John Pavelich Construction Company, Inc., Counterdefendant-Appellee).

Second District   No. 2—92—0378

Opinion filed December 31, 1992.

Joseph G. Skryd, of Wylie, Mulherin, Rehfeldt & Varchetto, P.C., of Wheaton (Stephen A. Rehfeldt, of counsel), for appellant.

Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegen (Michael K. Noonan, of counsel), for appellee.

JUSTICE McLAREN delivered the opinion of the court:

This appeal involves a contribution claim brought against John Pavelich Construction Company, Inc. (Employer), by Highland Meadows subdivision (Third-Party Plaintiff). The claim arises out of a suit John Pavelich (Employee), president of John Pavelich Construction Company, Inc., filed against the Third-Party Plaintiff, among others, as a result of injuries he sustained while working as a carpenter on a construction site in the Highland Meadows subdivision. The Employee did *not* sue his Employer (his own company) and did *not* seek worker's compensation benefits. The sole issue on appeal is whether the trial court erred in granting the Employer's section 2—619 (Ill. Rev. Stat. 1991, ch. 110, par. 2—619) motion to dismiss Third-Party Plaintiff's contribution claim. The trial court ruled that where no worker's compensation benefits have been paid, the Third-Party Plaintiff could not request contribution from the Employer in an amount reflecting the Employer's *pro rata* share of the liability because *Kotecki* limited such contribution to an amount not greater than the worker's compensation liability of the employer. (*Kotecki v. Cyclops Welding Corp.* (1991), 146 Ill. 2d 155; Ill. Rev. Stat. 1991, ch. 110, par. 2—619.) We reverse and remand.

On June 27, 1991, plaintiff filed an amended complaint alleging that he was injured while working as a carpenter for the Employer at a construction site located in the Highland Meadows subdivision in Zion. The complaint names All American Homes, Inc., Galaxy Homes, Inc., Precision Industrial Contractors and Highland Meadows subdivi-

sion (Third-Party Plaintiff) as defendants. On October 3, 1991, the Third-Party Plaintiff filed a third-party complaint against the Employer under the Joint Tortfeasor Contribution Act (Contribution Act) (Ill. Rev. Stat. 1991, ch. 70, par. 301 *et seq.*). The third-party complaint asked the trial court to grant contribution in favor of the Third-Party Plaintiff and against the Employer in an amount commensurate with the Employer's *pro rata* share of liability.

On January 13, 1992, the Employer filed a motion to dismiss the Third-Party Plaintiff's contribution action pursuant to section 2—619. (Ill. Rev. Stat. 1991, ch. 110, par. 2—619.) In its motion, the Employer argued that a third-party plaintiff cannot seek contribution from an employer in the absence of a claim or settlement of a plaintiff's grievance against that employer under the Workers' Compensation Act. (Ill. Rev. Stat. 1991, ch. 48, par. 138.5 *et seq.*) According to the Employer, a third-party complaint for contribution cannot be had in the absence of a determination of the employer's worker's compensation liability.

In the alternative, the Employer asked that the third-party complaint be altered to reflect a requested contribution "in an amount not greater than the workers' compensation liability of the third-party defendant." The Employer argued that this request would better conform to the law identified in *Kotecki v. Cyclops Welding Corp.* (1991), 146 Ill. 2d 155.

The trial court agreed and entered an order dismissing the Third-Party Plaintiff's contribution action in its entirety with prejudice. In support of its determination, the court found that, pursuant to *Kotecki*, the existence of an employer's lien is a condition necessary for the imposition of a contribution action against that employer. To summarize the trial court's reasoning, an employer's worker's compensation liability (and the resultant lien) could only be determined by the Industrial Commission pursuant to the Workers' Compensation Act. Absent such a determination, an employer cannot be held liable for amounts determined by a trial court in the context of a contribution action. Thus, a third-party complaint for contribution directed against an employer of the original plaintiff cannot be had where the employer's worker's compensation liability had not been determined through proper avenues. We disagree.

A trial court should not dismiss a cause of action under section 2—619 unless it clearly appears that no set of facts can be proved which would entitle a plaintiff to recover. (*People ex rel. Hartigan v. Knecht Services, Inc.* (1991), 216 Ill. App. 3d 843.) On appeal, the standard is whether the complaint alleged facts sufficient to state a

cause of action. (*Knecht*, 216 Ill. App. 3d at 860.) Since this motion comes to us on the pleadings, all well-pleaded facts and inferences are deemed admitted by the moving party. *Copass v. Illinois Power Co.* (1991), 211 Ill. App. 3d 205, 209-10.

■ The sole question on review is whether the Third-Party Plaintiff has alleged facts sufficient to state a cause of action for contribution against the Employer. We determine it has. The general rule is that, under the Contribution Act, an employer, though immune from a suit in tort by its employee, cannot bar a claim for contribution asserted by a defendant liable to the injured employee. (*Kotecki*, 146 Ill. 2d at 160; *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, 14.) However, the third-party plaintiff's right to contribution is limited to an amount not greater than the worker's compensation liability of that employer. *Kotecki*, 146 Ill. 2d at 160.

The instant case is one of first impression because allegedly no worker's compensation claim has been made by plaintiff. Thus, we can fairly state that the limitation on the nature and extent of recovery on the Third-Party Plaintiff's contribution claim is uncertain. The Employer mistakenly equates this uncertainty with a finding that its worker's compensation liability is "zero." Reasoning from this mistaken premise, the Employer and the trial court erroneously conclude that a contribution cause of action cannot survive.

■ We determine that an uncertain worker's compensation liability is *not* grounds to dismiss a third-party contribution cause of action. First, as stated above, a third party has a right to make a contribution claim against a joint tort-feasor. This right is codified in our State statutes (Ill. Rev. Stat. 1991, ch. 70, par. 302(a)), and it applies against employers regardless of the Workers' Compensation Act (*Kotecki*, 146 Ill. 2d at 160; *Doyle*, 101 Ill. 2d at 14). In our view, an employee's failure to file a worker's compensation claim should not act as a bar to a defendant's right to contribution and should not undermine the policy of the Contribution Act which seeks to allocate liability among culpable parties. (*Hall v. Archer-Daniels-Midland Co.* (1988), 122 Ill. 2d 448.) Indeed, to allow the result the Employer seeks would condone the conduct of employers and employees who may conspire to place the entire burden of liability upon a defendant who may only be partially culpable.

Second, the employer has failed to sustain its burden of proof regarding its affirmative defense as to limited liability. In *Kotecki*, the precise question was "whether an employer, sued as a third-party defendant in a product liability case, is liable for contribution in an

amount greater than its statutory *liability* under the Workers' Compensation Act." (Emphasis added.) *Kotecki*, 146 Ill. 2d at 156.

As we have indicated, this question assumes that worker's compensation liability is in effect. Thus, once an employer' worker's compensation liability is set, the limits of a contribution claim will also be set.

However, if the Workers' Compensation Act is not engaged, the limits of recovery for a contribution claimant should not be limited. Courts have reasoned that an employer will be liable in tort to a plaintiff until the defense of exclusive remedy under the Workers' Compensation Act is raised, and, thus, that same employer is potentially liable for a contribution claim. (*Wilson v. Hoffman Group, Inc.* (1989), 131 Ill. 2d 308; *Dixon v. Northwestern Publishing Co.* (1988), 166 Ill. App. 3d 745, 750.) Here, the pleadings indicate that the Workers' Compensation Act has not been engaged by either the employee or his employer.

■ The burden is on the employer to establish its limits of contribution liability. Because in this case no worker's compensation claim has been filed, we fail to see how the employer can sustain its burden of proof regarding the limits of its liability. Moreover, the filing of a claim without proof of liability is equally useless in helping to determine liability limits. *Kotecki* states that the issue is "whether the employer will be forced to pay too much, thereby losing the protection that the Workers' Compensation Act is supposed to provide." (*Kotecki*, 146 Ill. 2d at 163.) This concern that the employer will pay "too much" implies that a worker's compensation claim has been filed and some liability thereunder has accrued or will accrue. Thus, the Workers' Compensation Act is only supposed to provide protections against paying "too much" where the Act is applicable and has been engaged. To invoke the protections available under the Workers' Compensation Act where its coverage has not been established and is, at best, speculative would be unfair to the party seeking contribution. A contribution claim should not be dismissed by the mere assertion that liability is limited to worker's compensation limits. In our view, the protections identified by *Kotecki* should only be available to employers who establish that a worker's compensation claim has been filed and that some liability thereunder has accrued or will accrue.

■ Therefore we reverse the judgment of the circuit court of Lake County and hold that the Third-Party Plaintiff alleged sufficient facts to state a cause of action against the Employer. The Employer's motion assumes that the Third-Party Plaintiff's contribution recovery will exceed the relevant worker's compensation liability. However, the

Third-Party Plaintiff should not be denied its right to contribution where the employer has not shown the extent of its liability under the Workers' Compensation Act. Until such proof is presented by the Employer, the Third-Party Plaintiff may seek contribution for *pro rata* liability as it would in any other tort suit. An undefined liability is not to be equated with the absence of liability, especially when the issue is raised as an affirmative defense.

To hold otherwise could force defendant, the Third-Party Plaintiff, to pay more than its *pro rata* share of the common liability. It would also allow the employer complete immunity from contribution without any showing of actual liability under the Workers' Compensation Act, a situation contrary to the facts of *Kotecki,* where the immunity granted implicitly rested upon the existence of worker's compensation liability.

For the above reasons, the judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

GEIGER and DOYLE, JJ., concur.