Joseph SINOVIC, Plaintiff,

v.

**GRANITE CITY STEEL and Ed Repking, Defendants/Third-Party Plaintiffs,**

v.

**CLAYCO CONSTRUCTION CO. and Construction Industrial Maintenance, a corporation, Third-Party Defendants.**

No. 92–CV–529–WDS.

United States District Court, S.D. Illinois.

May 26, 1994.

88

James J. Gomric, Belleville, IL, for Joseph Sinovic.

James R. Mendillo, Freeark, Harvey, Mendillo, Dennis, Wuller & Buser, James E. DeFranco, Neville, Richards, DeFranco & Wuller, Belleville, IL, for Granite City Steel Co. and Ed Repking.

David B. Stutsman, Walker & Williams, Belleville, IL, for Clayco Const., Construction Industrial Maintenance.

### MEMORANDUM AND ORDER

STIEHL, District Judge:

Plaintiff, an employee of third-party defendant Clayco Construction Co., alleges that he suffered injuries on May 4, 1990, while working on the premises of defendant Granite City Steel. Granite City Steel filed a third-party complaint pursuant to the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/0.01 et seq., seeking contribution from Clayco in accordance with Clayco's relative degree of fault, and Clayco subsequently filed the motion to limit liability presently before the Court. Clayco submits that if its motion to limit liability is granted, it will waive its Workers' Compensation lien on plaintiff's recovery, and then should be dismissed from this case.

Clayco's motion requires the Court to reconcile a potential conflict between the Illinois Contribution Act and the Illinois Workers' Compensation Act, 820 ILCS 305/1 et seq. The potential conflict arises because the Contribution Act permits a defendant to obtain contribution from other tortfeasors in an amount proportional to each tortfeasor's degree of fault, 740 ILCS 100/2, while the Workers' Compensation Act limits an employer's liability for an employee's injury to the relief afforded under the Act, 820 ILCS 305/11. In a case of first impression, the Illinois Supreme Court held in Kotecki v. Cyclops Welding Corp., 146 Ill.2d 155, 166 Ill.Dec. 1, 585 N.E.2d 1023 (1991) that a third-party defendant employer's contribution liability is limited to the amount of the employer's workers' compensation liability. The facts of this case are not identical to the situation in Kotecki, and the factual differences present an interesting issue as to whether Clayco's contribution liability is limited to the amount of its settlement with plaintiff.

Shortly after his May 4, 1990 injury, plaintiff submitted a workers' compensation claim to Clayco. In July 1990, plaintiff and Clayco agreed to a settlement which paid plaintiff $6,160.20 for temporary total disability, and $13,360.11 for medical expenses incurred. Plaintiff has not filed a workers' compensation claim for permanent disability or future medical benefits, and such claims are now barred by the governing statute of limitations, 820 ILCS 305/6(d). Thus, the $19,520.31 settlement represents the full amount of Clayco's liability to plaintiff under the Workers' Compensation Act.

Granite City Steel contends that because plaintiff failed to file a claim against Clayco for permanent disability and future medical expenses, it is entitled to contribution from Clayco in the amount: (1) of Clayco's $19,520.31 settlement; and (2) equal to Clayco's relative degree of fault as to plaintiff's damages for permanent disability and future

medical benefits. Granite City Steel urges that *Kotecki* not only limits an employer's liability, but also protects a third-party plaintiff's contribution rights. Granite City Steel also contends that *Kotecki* does not authorize a bar to contribution where the plaintiff allowed the statute of limitations to expire or failed to file a claim; however, the Court notes that neither situation was presented in *Kotecki*. Essentially, Granite City Steel argues that the *Kotecki* holding that contribution is limited to "liability" under the Act actually refers to an employer's "exposure," or the amount of damages an employer would have owed if plaintiff had filed all available claims. Clayco admits that it may be liable to Granite City Steel in contribution for the $19,520.31 settlement, but asserts that *Kotecki* limits its liability to the settlement amount. Thus, the Court must decide whether an employer's contribution liability is limited to the amount paid as a workers' compensation settlement, where the plaintiff did not file all potential workers' compensation claims, and allowed the statute of limitations to expire. Because no Illinois court has addressed this precise issue, the Court must "predict[ing] how the highest court of the state would decide the case if it were presented to it." *Mason v. Ashland Exploration, Inc.*, 965 F.2d 1421, 1424 (7th Cir.1992).

The language of *Kotecki* provides insight into how the Illinois Supreme Court would decide this case. After discussing the apparently conflicting statutes, the court stated that "[t]he language of the Workers' Compensation Act clearly shows an intent that the employer only be required to pay an employee the statutory benefits." *Kotecki*, 166 Ill.Dec. at 6, 585 N.E.2d at 1028. Two particular sections of the Act evidence this intent. Section 11 states that the statutory remedy "shall be the measure of the responsibility of any employer." 820 ILCS 305/11. Section 5(a) decrees that no "right to recover damages from the employer ... other than the compensation herein provided, is available to ... *any one otherwise entitled* to recover damages for such injury." 820 ILCS 305/5(a) (emphasis added). Clear language in *Kotecki*, and two statutory sections limit an employer's liability to the workers' compensation benefits paid.

Granite City Steel interprets the *Kotecki* court's use of the phrase "workers' compensation liability" to mean the employer's "exposure," or the benefits the employer would have owed if the plaintiff would have succeeded on a claim for each type of damages potentially recoverable. The Court disagrees. Clayco's liability under the Act is subject to statutes of limitations, and to settlements by the parties to the action. Thus, Clayco's liability under the Act is limited to the $19,520.31 settlement. If the Court were to adopt Granite City Steel's interpretation, a court would be required, as a prerequisite to contribution, to reexamine any workers' compensation settlement to determine whether the plaintiff had filed a claim for each type of damages potentially available under the Act, whether the settlement encompassed each type of damages potentially available, and then make a determination as to the validity of the claims not filed or settled before allowing contribution. The Court is confident that the Illinois Supreme Court would not reach such an impractical result. *See Alvarez v. Fred Hintze Const.*, 247 Ill.App.3d 811, 187 Ill.Dec. 364, 369, 617 N.E.2d 821, 826 (1992), *appeal denied*, 152 Ill.2d 553, 190 Ill.Dec. 882, 622 N.E.2d 1199 (1993).

In general support of its arguments to extend contribution liability beyond the settlement amount, Granite City Steel contends that *Kotecki* fashioned a compromise which protects the right of contribution. However, *Kotecki* allowed contribution up to the amount the employer had already paid in workers' compensation benefits. *Kotecki*, 166 Ill.Dec. at 6, 585 N.E.2d at 1028. Even if *Kotecki* is considered a compromise which protects contribution rights, this compromise does not undermine the liability-limiting provisions of the Workers' Compensation Act.

Granite City Steel also asserts that its position is supported by *Sands v. J.I. Case Co.*, 239 Ill.App.3d 19, 178 Ill.Dec. 920, 605 N.E.2d 714 (1992), *appeal denied*, 149 Ill.2d 660, 183 Ill.Dec. 871, 612 N.E.2d 523 (1993), and *Pavelich v. All Am. Homes, Inc.*, 239 Ill.App.3d 173, 179 Ill.Dec. 1027, 606 N.E.2d 859 (1992), *appeal denied*, 149 Ill.2d 649, 183 Ill.Dec. 861, 612 N.E.2d 513 (1993). In

*Sands,* the plaintiff and defendant settled a products liability action, and the defendant succeeded against the employer third-party defendant in a trial deciding the contribution claim. *Sands,* 178 Ill.Dec. at 921–22, 605 N.E.2d at 715–16. The parties agreed that the employer would have been liable to plaintiff for a certain amount of workers' compensation benefits for future medical expenses. *Id.* at 922, 605 N.E.2d at 716. The employer argued that its contribution liability was limited to damages incurred before the settlement of the main lawsuit, and not the additional future medical expenses. *Id.* at 925, 605 N.E.2d at 719. The *Sands* court rejected the employer's argument because the employer had clearly incurred liability for a stipulated amount of future medical expenses at the time of settlement. *Id.* The instant case is distinguishable from *Sands.* In *Sands,* the employer was not permitted to escape contribution liability for future medical expenses where the employer was clearly liable for those expenses under the Workers' Compensation Act. *Id.* Here, Clayco cannot be held liable for plaintiff's future medical expenses under the Workers' Compensation Act.

The unique factual situation in *Pavelich* is also distinguishable from the case before the Court. In *Pavelich,* the plaintiff also owned the third-party defendant, a construction company. *Pavelich,* 179 Ill.Dec. at 1028, 606 N.E.2d at 860. The defendant sought contribution from the employer, but not coincidentally, the plaintiff had not filed a workers' compensation claim against the company which he owned. *Id.* The court ruled that the plaintiff's calculated failure to file a workers' compensation claim should not undermine the right to contribution. *Id.* at 1029, 606 N.E.2d at 861. While the *Pavelich* court did not apply *Kotecki,* it stated that limited contribution "should only be available to employers who establish that a workers' compensation claim has been filed and that some liability thereunder has accrued or will accrue." *Id.* 179 Ill.Dec. at 1030, 606 N.E.2d at 862. The narrow exception to the *Kotecki* rule recognized in *Pavelich* relies upon the unique circumstances and equities of that case, and does not apply to the instant case.

Upon review of the Workers' Compensation Act and Illinois case law, the Court concludes that the Illinois Supreme Court would limit Clayco's liability to the $19,520.31 settlement amount. Therefore, because Clayco has agreed to release its lien upon plaintiff's recovery, Clayco is entitled to dismissal from this action.

Accordingly, the Court **GRANTS** the motion to limit liability filed by third-party defendant Clayco Construction Co. Because Clayco has agreed to waive its lien on plaintiff's recovery, the Court **DISMISSES** the third-party complaint filed by Granite City Steel against Clayco Construction Co.

**IT IS SO ORDERED.**