JERRY W. CHRISTENSEN *et al.*, Plaintiffs, v. NORTHERN ILLINOIS GAS COMPANY, Defendant and Third-Party Plaintiff-Appellant (Louis Ruffolo, d/b/a Louis Ruffolo and Son Construction Company, Third-Party Defendant-Appellee; Baxter and Woodman Engineers, Inc., *et al.*, Defendants).

Second District    No. 2—94—1294

Opinion filed November 13, 1995.

George E. Krippner and Kathleen K. Watson, both of Clancy & Krippner, of St. Charles, for appellant.

Randall L. Smith and Dennis T. Schoen, both of Schoen & Smith, and Robert T. Varney, of Sanchez & Daniels, both of Chicago, for appellee.

JUSTICE DOYLE delivered the opinion of the court:

Third-party plaintiff, Northern Illinois Gas Company (NIGAS), appeals from the dismissal of count II of its second amended third-party complaint against third-party defendant, Louis Ruffolo, d/b/a Louis Ruffolo & Son Construction Company (Ruffolo). In count II of the third-party complaint, NIGAS sought contribution from Ruffolo for an underlying loss of consortium claim filed by the spouse of an injured Ruffolo employee who had received workers' compensation benefits. The trial court based its ruling on *Schrock v. Shoemaker* (1994), 159 Ill. 2d 533. Both NIGAS and Ruffolo rely on *Schrock* to support their positions. Therefore, we must determine how *Schrock* applies to this case.

In this case, Jerry W. Christensen (Jerry) was injured in a construction accident on October 21, 1988. Jerry filed a workers' compensation claim against Ruffolo, his employer, pursuant to the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1992)). Ruffolo paid workers' compensation benefits to Jerry.

At the same time as Jerry's workers' compensation claim against Ruffolo, plaintiffs in this case, Jerry and his wife, Samantha Christensen (Samantha), filed an amended five-count complaint against defendants NIGAS, Baxter & Woodman Engineers, Inc. (Baxter), and

the Village of South Elgin (Village). In the first four counts of the complaint, Jerry individually sought damages for his personal injuries. In count V of the complaint, Samantha individually sought damages for loss of consortium.

NIGAS subsequently filed a second amended third-party complaint (third-party complaint) against Ruffolo. Count II of the third-party complaint sought contribution from Ruffolo pursuant to the Joint Tortfeasor Contribution Act (740 ILCS 100/0.01 *et seq.* (West 1992)) for any judgment against NIGAS with respect to Samantha's loss of consortium claim against NIGAS. Count II of the third-party complaint is the subject of this appeal.

After NIGAS settled with plaintiffs, Ruffolo motioned to dismiss the third-party complaint. In its motion, Ruffolo argued that its obligation for contribution could be no more than the amount of its workers' compensation liability. Ruffolo agreed to waive its workers' compensation lien and sought dismissal of the third-party complaint on the ground that its waiver of the lien acted as a good-faith resolution of its contribution liability.

The trial court ordered the dismissal of the third-party complaint based on Ruffolo's stipulation to waive its workers' compensation lien. NIGAS later settled with Baxter and the Village on its cross-complaint against them, and then appealed from the trial court order.

The sole issue on appeal is whether a third-party contribution action against an employer who has paid workers' compensation benefits to an injured employee is subject to dismissal upon a waiver of the workers' compensation lien by the employer, when the underlying claim is for loss of consortium by the employee's spouse who did not directly receive workers' compensation benefits from the employer.

Our supreme court addressed a somewhat similar issue in *Schrock v. Shoemaker* (1994), 159 Ill. 2d 533. In *Schrock*, the plaintiff, who was widowed when her husband died after falling from a scaffold while working, brought suit under the Structural Work Act (740 ILCS 150/0.01 *et seq.* (West 1992) (repealed by Pub. Act 89—2, eff. February 14, 1995)) for loss of consortium. (159 Ill. 2d at 535.) The plaintiff's suit was against the owners of the land on which her husband had been working when he fell. The owners of the land then filed a third-party suit against the decedent's employer seeking contribution. 159 Ill. 2d at 535.

The employer motioned to intervene in the original structural work action in order to establish a lien based on the workers' compensation benefits the employer had paid and continued to pay to

the plaintiff for the death of her husband. Alternatively, the employer motioned for summary judgment on the pleadings on the ground that, under *Kotecki v. Cyclops Welding Corp.* (1991), 146 Ill. 2d 155, its contribution liability was limited to its liability under the workers' compensation statute which liability had been exhausted by its payment of workers' compensation benefits to the plaintiff. *Schrock,* 159 Ill. 2d at 535-36.

The trial court denied both of the employer's motions. The employer's interlocutory appeal followed.

The appellate court affirmed the trial court. The appellate court held that the employer could be subjected to a third-party claim for contribution based on a loss of consortium claim, but that the employer's liability was limited to its liability under the Workers' Compensation Act. *Schrock v. Shoemaker* (1993), 246 Ill. App. 3d 372, 385.

The supreme court allowed the third-party plaintiff's motion for leave to appeal. The court first determined that the employer had no right to claim a lien upon any recovery for loss of consortium under section 5(b) of the Workers' Compensation Act (820 ILCS 305/5(b) (West 1992)). The court reasoned that the plaintiff had brought the action for loss of consortium in her own name and that the loss of consortium claim was an independent action to recover for injuries the plaintiff had suffered. (*Schrock,* 159 Ill. 2d at 540.) The court noted that under section 5(b) an employer's right to claim a workers' compensation lien was expressly limited to actions brought by and proceeds paid to the injured employee or his personal representative. 159 Ill. 2d at 539.

The court also determined that the third-party plaintiff could bring a contribution action against the employer for contribution with respect to the loss of consortium claim. The court stated that *Doyle v. Rhodes* (1984), 101 Ill. 2d 1, was controlling on this issue. In *Doyle,* the court held that an employer is liable to a third party under the Contribution Act, notwithstanding the exclusive remedy provisions of the Workers' Compensation Act. 101 Ill. 2d at 10.

The *Schrock* court recognized that the circumstances of the case before it were different from the usual case where a third-party plaintiff seeks contribution from an employer who has paid workers' compensation benefits to the employee. The court stated:

> "In the ordinary case, when an employee sustains injuries in the course of employment, the employer pays workers' compensation benefits to the employee regardless of fault. If the employee thereafter successfully sues a third-party tortfeasor for his injuries, the employer has the right to recover workers' compensation pay-

ments it made to the employee from the award the employee receives from the third-party tortfeasor. If the third party brings a contribution action against the employer, the amount of contribution the employer must pay is limited to 'an amount no greater than' its workers' compensation liability. (*Kotecki v. Cyclops Welding Corp.* (1991), 146 Ill. 2d 155, 157.) Ultimately, a negligent employer pays out no more than the amount it is obligated to pay under the workers' compensation statute.

In the instant action, however, the employer has paid workers' compensation benefits to the plaintiff, but has no lien upon any recovery the plaintiff may receive in her third-party action against the defendants." *Schrock*, 159 Ill. 2d at 542-43.

The *Schrock* court then determined that, because the case involved a loss of consortium claim, there was the potential for double recovery by the plaintiff. The potential for double recovery was based on the nature of the loss of consortium claim. The court determined that in a loss of consortium claim a plaintiff seeks damages not only for loss of a spouse's society, but also for loss of financial support the impaired spouse provided prior to his or her injury or death. (159 Ill. 2d at 544.) Thus, a plaintiff who brings a loss of consortium action in his or her own name and has also received workers' compensation benefits for loss of economic support could receive a double recovery in the form of the workers' compensation benefits and the part of the loss of consortium claim applicable to financial support. 159 Ill. 2d at 545-46.

Finally, the *Schrock* court fashioned a means of precluding double recovery by the plaintiff. We quote the court's analysis at length. The court stated:

"We conclude that the most efficient way to preclude the double-recovery problem, without undermining *Kotecki*, was proposed and adopted by this court in *Brown v. Metzger* (1984), 104 Ill. 2d 30, 35. *Brown* held that a loss of consortium action must be joined, whenever possible, with the injured or deceased spouse's cause of action. (*Brown*, 104 Ill. 2d at 35.) The court concluded that joinder of these related claims would not only preclude double-recovery problems, but would also reduce litigation expenses for the parties, conserve judicial time and resources and reduce court congestion. (*Brown*, 104 Ill. 2d at 35.) Under the rule adopted in *Brown*, unless the spouse bringing the loss of consortium action can prove facts demonstrating why joinder with the injured or deceased spouse is not possible, the loss of consortium action must be dismissed.

Here, the plaintiff could have joined her Structural Work Act claim with a claim under the Wrongful Death Act for the

decedent's injuries. (735 ILCS 5/2—614 (West 1992); see also Restatement (Second) of Torts § 693, Comment *b* (1977).) Joinder of these related claims would be particularly appropriate under the circumstances of this case. Joinder would enable the plaintiff to obtain full compensation, not only for her own injuries in the structural work action, but also for the *decedent's* injuries in the wrongful death action. [(Emphasis in original.)] Joinder of these related claims, however, would prevent the plaintiff from obtaining a double recovery for the decedent's lost wages.

Joinder is also an appropriate method of protecting the defendant's right to seek contribution from an employer, without undermining the protection that this court afforded employers in *Kotecki*. If the plaintiff's Structural Work Act loss of consortium claim is joined with a claim under the Wrongful Death Act for the deceased employee's damages, the employer will have the right to claim a lien upon any recovery the plaintiff obtains in the wrongful death action. The Wrongful Death Act states that any actions brought under that statute must be brought by the personal representative of the decedent. (740 ILCS 180/2 (West 1992).) As previously noted, section 5(b) of the Workers' Compensation Act permits an employer to assert a lien upon any award received in a third-party action brought by 'the injured employee or his personal representative.' 820 ILCS 305/5(b) (West 1992).

Ultimately, the defendants will have the right to pursue their contribution action against the employer in accordance with the Contribution Act and this court's decision in *Doyle v. Rhodes*. The employer's liability in the contribution action will be limited to the amount of its liability under the Workers' Contribution Act, in accordance with this court's decision in *Kotecki*. Moreover, the employer will not ultimately pay the amount of its workers' compensation liability twice, because it may claim a lien in the wrongful death action and recoup any benefits it paid to the plaintiff/spouse for the employee-decedent's death. Thus, joinder of the plaintiff's claim under the Structural Work Act with the decedent's claim under the Wrongful Death Act preserves the defendant's right to seek contribution from the employer without exposing that employer to excessive liability in violation of the *Kotecki* rule." 159 Ill. 2d at 546-48.

Here, NIGAS points to the determinations by the *Schrock* court that a third-party plaintiff can seek contribution for an underlying loss of consortium claim from an employer who has paid workers' compensation benefits and that such a loss of consortium claim, when brought in the nonemployee spouse's own name, is not subject to the employer's workers' compensation lien. NIGAS also notes the *Schrock* court's concern regarding a potential double recovery by the loss of

consortium claimant. NIGAS then posits that *Schrock* implies that where a loss of consortium claimant has not directly received workers' compensation benefits the employer's contribution liability as to the loss of consortium claim is not limited to the employer's workers' compensation liability as required by the *Kotecki* rule because there is no potential for a double recovery by the loss of consortium claimant.

Applying its reasoning to this case, NIGAS asserts that there is no potential for a double recovery here because Samantha, the loss of consortium claimant in this case, did not receive any direct workers' compensation benefits from Ruffolo. NIGAS argues that it should be allowed to pursue its contribution claim against Ruffolo and that the amount it can recover from Ruffolo in contribution for the loss of consortium claim should not be limited to the amount of Ruffolo's workers' compensation liability.

We disagree. We read *Schrock* as primarily expressing the supreme court's concern, in cases such as this, with balancing the rights of the parties "without exposing [the] employer to excessive liability in violation of the *Kotecki* rule." (*Schrock*, 159 Ill. 2d at 548.) We agree with the trial court's implicit determination that allowing NIGAS to seek contribution from Ruffolo for Samantha's loss of consortium claim in excess of Ruffolo's workers' compensation liability would obviously undermine the *Kotecki* rule.

NIGAS's argument that *Kotecki* should not apply in this case because Samantha did not receive any direct workers' compensation benefits does not change our conclusion. First, NIGAS's reliance on *Pavelich v. All American Homes, Inc.* (1992), 239 Ill. App. 3d 173, is misplaced. NIGAS cites *Pavelich* for the proposition that there is no limit on the common-law liability of an employer under *Kotecki* if the plaintiff in the underlying suit has not received workers' compensation benefits. However, *Pavelich* did not involve a loss of consortium claim, as *Schrock* did, and this case does. *Schrock* therefore governs where, as here, a loss of consortium claim is involved.

*Schrock* requires joinder, if possible, of Samantha's loss of consortium claim with Jerry's claims based on his personal injuries. Under *Schrock*, this mandatory joinder of loss of consortium claims with personal injury claims is required regardless of whether the loss of consortium claimant received direct workers' compensation benefits. *Schrock* makes it clear that there is the potential for double recovery, with respect to financial support, in cases involving the reception of workers' compensation benefits and a loss of consortium claim. We determine that the potential for double recovery exists

even if the loss of consortium claimant does not directly receive workers' compensation benefits. This is because the Workers' Compensation Act provides for support for an employee's family as well as for the employee. See 820 ILCS 305/8(b)(1) (West 1994) (setting out compensation rates which vary with family composition).

Because, in the present case, plaintiffs have already settled with NIGAS, and NIGAS has already settled with Baxter and the Village, it is no longer feasible to resolve this controversy by rejoining the actions in a manner which would enable the trial court to balance the interests of the parties. In our original opinion, filed September 28, 1995, we prescribed a formula for the circuit court to implement a balancing of the parties' interests comparable to the supreme court's resolution in *Schrock*. NIGAS and Ruffolo thereafter filed a joint petition for rehearing wherein they stipulated as an additional fact of record that the settlement between Jerry and NIGAS anticipated that Ruffolo would ultimately contribute to that settlement to the extent of a waiver of its workers' compensation lien or a substantial judgment in contribution toward the settlement. The parties further agree in their petition for rehearing that the trial court's judgment should be affirmed in the event we reject NIGAS's contention that count II of the third-party complaint premised on consortium is not controlled by *Kotecki*.

In view of these facts, and bearing in mind our holding that *Kotecki* limits Ruffolo's contribution liability to an amount no greater than its workers' compensation liability for all claims, including the loss of consortium claim, we conclude that the waiver of Ruffolo's lien and the dismissal of Ruffolo on that basis is an appropriate outcome in this case. (See *Lannom v. Kosco* (1994), 158 Ill. 2d 535, 541-43.) Based on the foregoing, we affirm the trial court's dismissal of count II of NIGAS's second amended third-party complaint.

Affirmed.

THOMAS and RATHJE, JJ., concur.