LINDA FUNES *et al.*, Plaintiffs, v. B&B EQUIPMENT, INC., *et al.*, Defendants (B&B Equipment, Inc., Defendant and Third-Party Plaintiff-Appellant; Ball-Incon Glass Packaging Corporation, Third-Party Defendant-Appellee).

First District (2nd Division)    No. 1—95—2093

Opinion filed June 25, 1996.

Johnson & Bell, Ltd., of Chicago (Glenn F. Fencl, Thomas H. Fegan, and Mindy Kallus, of counsel), for appellant.

Stevenson, Rusin & Friedman, Ltd., of Chicago (Theodore J. Powers, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

After Linda Funes sustained injuries while working at the Ball-Incon Glass Packaging Corporation (Ball-Incon), she sought damages for personal injuries and her husband, Ricky Funes, sought damages for loss of consortium in this products liability action which they brought against the above-captioned defendants.

On July 22, 1993, defendant B&B Equipment, Inc., the manufac-

turer of the casepacker machine operated by Linda, filed a third-party complaint against Ball-Incon seeking unlimited contribution in the event that plaintiffs obtained a judgment against it. On September 9, 1993, the trial court granted Ball-Incon's motion to strike the *ad damnum* clause of B&B's third-party complaint and required it to file an amended complaint limiting the contribution sought against Ball-Incon to an amount not to exceed its workers' compensation liability. B&B did not object to this order and filed its third-party amended complaint.

In October 1994, Linda and Ball-Incon entered into a settlement agreement wherein Linda received a lump-sum in satisfaction of her workers' compensation claim, and Ball-Incon "waive[d] all of its right to reimbursement pursuant to section 5(a) & 5(b) of the [W]orkers' [C]ompensation [A]ct from petitioner's third party action."

On February 16, 1995, Ball-Incon moved for a finding that the settlement agreement had been entered into in good faith and that B&B's third-party complaint for contribution against it be dismissed, arguing that its contribution was limited to its liability under the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1994)) which had been satisfied when it settled with Linda.

B&B responded that notwithstanding Ball-Incon's settlement with Linda, its claim should not be dismissed because its contribution action for Ricky's loss of consortium claim was not affected by Ball-Incon's workers' compensation liability to Linda and because Ball-Incon could not rely on its settlement with Linda since no consideration had been paid to Ricky.

On May 17, 1995, the trial court dismissed B&B's contribution action against Ball-Icon. This appeal followed.

Ball-Incon's first claim is that B&B has waived review of the trial judge's September 9, 1993, order and cannot now raise the issue that its contribution claim is not limited by Ball-Incon's workers' compensation liability, because B&B had not appealed the trial court's order dismissing its original third-party complaint seeking unlimited damages but filed, instead, its amended third-party complaint seeking damages limited to Ball-Incon's workers' compensation liability.

■ Generally, once an amended pleading is filed, allegations contained in the prior pleading and objections to the trial court's ruling on that pleading are deemed waived, as it "ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn. [Citation.]" *Pfaff v. Chrysler Corp.*, 155 Ill. 2d 35, 61, 610 N.E.2d 51, 63 (1992); *Bowman v. County of Lake*, 29 Ill. 2d 268, 272, 193 N.E.2d 833 (1963).

However, although prior pleadings may "in some instances remain[ ] part of the record even after the filing of an amendment thereto" (*Burdin v. Jefferson Trust & Savings Bank*, 133 Ill. App. 2d 703, 708, 269 N.E.2d 340 (1971)), they are deemed abandoned when "the substance, theory, or format of the original complaint [has] been abandoned" (*Arnold v. Village of Chicago Ridge*, 181 Ill. App. 3d 778, 782, 537 N.E.2d 823 (1989), *appeal denied*, 126 Ill. 2d 557, 541 N.E.2d 1104 (1989)). But where a trial judge makes clear "that he would not entertain" a complaint based upon one theory, this court has found that the plaintiffs did not waive review of his ruling by failing to plead the unacceptable theory in the alternative in the amended complaint. *Enlow v. Illinois Central R.R. Co.*, 103 Ill. App. 2d 269, 277, 243 N.E.2d 847, 851 (1968) (finding plaintiff did not waive review of trial judge's dismissal of ordinary negligence claim where amended complaint was grounded on willful and wanton misconduct because "[i]t seems clear in the context of the trial judge's statements that he would not entertain a complaint that was not based on willful and wanton misconduct").

We are aware that our supreme court declined to follow *Enlow* in *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 449 N.E.2d 125 (1983). However, *Foxcroft* involved *allegations* in a former complaint not incorporated into the amended complaint, and the court premised its conclusion on the policy interests of ensuring "that the trial judge will be aware of the points in issue" as a trial progresses, and that a defendant be notified of the allegations against him and the theories of recovery advanced by the plaintiff. *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 154, 449 N.E.2d 125 (1983).

■ Here, B&B's amended complaint pleaded no new allegations, raised no new theories of recovery, and would not have changed the proofs required at trial. In fact, it duplicated the original complaint, verbatim, except to modify the *ad damnum* clause to reflect the limit thereof as ordered by the trial court. Moreover, B&B continued to argue, in opposition to Ball-Incon's motion to dismiss its *amended* complaint, that its right to recover contribution was *not* limited to Ball-Incon's workers' compensation liability. Accordingly, it cannot be gainsaid that both Ball-Incon and the trial judge had to have been fully aware that that was B&B's position; neither could have reasonably believed that B&B's original position had been abandoned.

This court has held that where an amended complaint was filed that "was substantially the same as the original with the exception that the prayer for relief was modified" to reflect limitations stated in the trial court's order, precluding the plaintiff from appealing the

reasonableness of those limitations would "unfairly limit the scope of [his] appeal." *Field Surgical Associates, Ltd. v. Shadab*, 59 Ill. App. 3d 991, 993-94, 376 N.E.2d 660, 662-63 (1978) (so holding where "plaintiffs never demonstrated any intention of abandoning their initial claim" and filed a timely notice of appeal as to both orders).

The record establishes, and we accordingly hold, that B&B did not abandon its claim for unlimited contribution which it had sought in its original complaint, since it again asserted that position in support of its amended complaint, which was filed pursuant to and in accordance with the trial court's express order.

We also agree with B&B that the trial judge's September 9, 1993, order was not final and appealable (see 134 Ill. 2d R. 304(a)), but that it became so upon the court's entry of its May 17, 1995, order dismissing B&B's amended complaint. See *Arnold*, 181 Ill. App. 3d at 783 (finding that an order dismissing three counts of complaint was not final and appealable where it did not contain an express finding that there was no just cause to delay its enforcement or appeal, and declining to find that appeal of that order had been waived by the subsequent filing of an amended complaint omitting the stricken counts and plaintiff did not manifest an intent to abandon those counts); *Jewel Cos. v. Serfecz*, 220 Ill. App. 3d 543, 548, 581 N.E.2d 186, 189 (1991) (permitting review of an earlier order, not specified in the notice of appeal, where such earlier order was "but one step in the procedural process leading to" the order properly appealed from); *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 394 N.E.2d 380 (1979) (holding that an appeal from a final judgment draws into question all prior, nonfinal orders and rulings which produced the judgment). We therefore hold that B&B's claim for unlimited contribution has been preserved for our review and that this court has jurisdiction to review this claim.

■ Next, the parties dispute whether Ball-Incon may be held liable for contribution on Ricky's loss of consortium claim in light of the fact that Ball-Incon settled with Linda on her workers' compensation claim and waived its lien.

Our supreme court held in *Kotecki v. Cyclops Welding Corp.* that although a third-party contribution action against the employer of an injured employee is not barred, the employer's liability for contribution is limited to its liability under the Workers' Compensation Act. *Kotecki v. Cyclops Welding Corp.*, 146 Ill. 2d 155, 585 N.E.2d 1023 (1991). Consistent with the *Kotecki* rule, this court has held that an employer's liability for contribution on a loss of consortium claim brought by its employee's spouse may not exceed its workers' compensation liability. *Christensen v. Northern Illinois Gas Co.*, 276 Ill. App. 3d 58, 63-64, 657 N.E.2d 725, 729 (1995).

Consequently, Ball-Incon argues that because it has fully satisfied its total liability under the Workers' Compensation Act by settling with Linda and by waiving its workers' compensation lien, dismissal of B&B's amended third-party complaint for contribution was proper. See *Kotecki*, 146 Ill. 2d 155, 585 N.E.2d 1023; *Christensen*, 276 Ill. App. at 3d at 63-64, 657 N.E.2d at 729; *Lannom v. Kosco*, 158 Ill. 2d 535, 634 N.E.2d 1097 (1994) (finding that it was proper to dismiss a third-party action for contribution against an employer when it had waived its workers' compensation lien).

B&B responds that the reasoning in *Christensen* is "faulty" and should not be adopted by this court because, notwithstanding the *Kotecki* rule, Ball-Incon's liability for contribution with respect to Ricky's loss of consortium claim should not be limited to its workers' compensation liability. It further argues that Ball-Incon cannot rely upon its settlement with Linda because such settlement did not take into account Ricky's loss of consortium claim and did not award him any consideration. We disagree. Ball-Incon was not required to pay Ricky any consideration or to include his loss of consortium claim in its settlement with Linda because, under the Workers' Compensation Act, it had no liability as to his claim. *Dobrydnia v. Indiana Group, Inc.*, 209 Ill. App. 3d 1038, 568 N.E.2d 1002 (1991) (prohibiting recovery for wife's loss of consortium against husband's employer under the Workers' Compensation Act), *appeal denied*, 139 Ill. 2d 594, 575 N.E.2d 912 (1991).

More important, we concur in the second district's ruling in *Christensen* that the *Kotecki* rule requires that an employer cannot be held liable for contribution on a loss of consortium claim in excess of its workers' compensation liability. See *Kotecki*, 146 Ill. 2d 155, 585 N.E.2d 1023; *Christensen*, 276 Ill. App. 3d at 63-64, 657 N.E.2d at 729. In this case, since Ball-Incon has fully satisfied its liability under the Workers' Compensation Act by settling with Linda and by waiving its lien, we hold that it cannot be held liable on a claim for contribution. Accordingly, we affirm the trial court's dismissal of B&B's amended third-party complaint.

■ B&B's final claim is that we must reverse the trial judge's finding that the settlement between Linda Funes and Ball-Incon was entered into in good faith because it "forever bar[red] B&B from recovering contribution from Ball-Incon."

It is within the discretion of the trial judge to determine whether a settlement was made in good faith, and a reviewing court may not disturb a finding of good faith absent an abuse of discretion. *Smith v. Texaco, Inc.*, 232 Ill. App. 3d 463, 597 N.E.2d 750 (1992). "Courts have consistently found settlements in good faith where, as here, the

plaintiff received a lump sum amount and a waiver of the employer's worker's compensation lien. [Citations.]" *Halleck v. Coastal Building Maintenance Co.*, 269 Ill. App. 3d 887, 899, 647 N.E.2d 618, 628 (1995).

As Ball-Incon points out, the record on appeal is "completely devoid" of any evidence of collusion, unfair dealing or wrongful conduct by the settling parties. Consequently, since B&B claims that the settlement at issue here is lacking in good faith solely because it bars recovery of any contribution from the employer, we have no difficulty in concluding that the trial judge could not possibly have abused his discretion in finding that the settlement agreement was entered into in good faith.

For all of the forgoing reasons, the judgment of the trial court is affirmed.

Affirmed.

HARTMAN, P.J., and DiVITO, J., concur.